[Sac. No. 38.   Department One.—January 23, 1896.]

MARGARET BARFIELD, Appellant, v. SOUTH SIDE IRRIGATION COMPANY, Respondent.

Practice—Appeal — Bill of Exceptions — Specification of Errors of Law.—Errors of law occurring at the trial need not be specified in the bill of exceptions, in order to entitle them to be considered on appeal.

False Representations—Location of Water Ditch.—In an action to cancel a deed for a right of way for a water ditch, an allegation of the breach by the defendant of an agreement to construct the ditch in such a manner as to enable the plaintiff to irrigate her land in the easiest and most practicable manner, is not sustained by mere evidence that in a particular locality the ditch might have been placed on higher land.

Id.—Adequacy of Water Supply—Parol Evidence.—In an action to cancel such deed, on account of the false representations of the defendant as to its ownership of the waters of a certain source of supply, which were represented by it as being sufficient to irrigate the plaintiff's land, parol evidence of such representations and of their falsity, and that the deed was made by reason thereof, is admissible; and upon such evidence being introduced, it is error to grant a nonsuit.

Appeal from a judgment of the Superior Court of Kings County. Justin Jacobs, Judge.

The facts are stated in the opinion of the court.

*Frank H. Farrar*, and *Rowen Irwin*, for Appellant.

*Lamberson & Middlecoff*, for Respondent.

Garoutte, J.—Plaintiff brought an action to cancel a deed given by her to defendant for a right of way for a water ditch, upon the ground of false representations and failure of consideration, and the answer specifically denied all the allegations of the complaint. At the trial it was stipulated in open court that the parties

intended the deed to transfer a mere right of way for ditch purposes, although the deed in form was a grant.

At the conclusion of plaintiff's evidence a nonsuit was granted as to the relief asked in setting aside and canceling the deed, and a decree was also entered that the deed be reformed in accordance with the aforesaid stipulation. That portion of the judgment as to the matters covered by the nonsuit is appealed from, upon a bill of exceptions.

It is insisted upon the part of respondent that the bill of exceptions cannot be considered, because no specifications of errors of law are embodied therein. *Miller* v. *Wade*, 87 Cal. 410, is relied upon to support this position. But the doctrine there declared failed to receive the sanction of a majority of the court, and therefore is not authority. Upon an examination of the authorities there cited to support the principle announced in that case, it will be found that they fail to meet the test. And *Shadburne* v. *Daily*, 76 Cal. 355, declares to the contrary that no errors of law need be specified in the bill of exceptions.

The motion for a nonsuit was made generally, and also specially, upon the ground that defendant made no representations to plaintiff as to the ownership by it of the waters of Lower Kings River Ditch Company sufficient to irrigate about seven thousand and forty acres of land, or that it owned or controlled any amount of water sufficient to irrigate any portion of said land. The motion for a nonsuit was also based upon the further ground "that the plaintiff has not shown that the defendant agreed to construct a ditch through the land in question in such a manner, and upon such routes, and in such localities as to enable the plaintiff in the easiest and most practicable manner, or to the best advantage, to irrigate all of said sections of land from the waters flowing in and through said ditch." Among other things, the complaint alleged that defendant represented itself to be the owner of certain waters of Lower Kings River Ditch Company, upon which repre-

sentations plaintiff relied, and which were false; and the complaint further alleged that defendant represented that, if plaintiff would execute a deed of right of way across her land, for ditch purposes, it, defendant, would locate a water ditch over and upon such right of way, which would enable her to the best advantage to irrigate her land, amounting to twelve hundred and forty acres. It is further alleged that defendant represented to plaintiff that it had so located the ditch, and that such representations were false, and that the ditch, as located, would not enable plaintiff to irrigate her said lands.

There is no evidence whatever in the record that the ditch, as located, was not so placed but that water could be taken from it to and over any part of plaintiff's land, or that its location was not a good one and advantageous for the irrigation of all of her said lands. Hence, it would seem unnecessary to enter into a consideration of the question as to whether or not the agreement in this respect was as alleged by the complaint. Conceding such to be the fact, still, if there was no evidence introduced at the trial of its violation, plaintiff failed to make out a cause of action in this regard. There was evidence to the effect that at a certain corner of her land the ditch could have been placed upon higher ground, but this evidence of itself only tended to establish the fact inferentially, and we think was too weak, remote, and unsatisfactory upon which to declare a noncompliance with the agreement. This evidence may all have been true, and still substantially the entire tract have been susceptible of irrigation from the ditch as located. Plaintiff should have made a stronger case upon this issue.

We think there can be no question but that there was a substantial showing that defendant represented itself to be the owner of the waters of the Lower Kings River Ditch Company. The preliminary written agreement entered into by these parties some days prior to the execution of the deed fairly indicates that fact.

That agreement recites that it, defendant, was organized for the purpose of constructing a ditch and irrigating a tract of land containing about seven thousand and forty acres (plaintiff's land being part of this tract); that it was to secure its water supply from the said Lower Kings River Ditch Company. It agreed to sell plaintiff water upon certain terms and conditions, and agreed that plaintiff should have her *pro rata* of all the water "now owned and proposed to be distributed on said seven thousand and forty acres of land." Indeed, by the agreement, it assumes to own certain waters of the Lower Kings River Ditch Company, and contracts to dispose of them to plaintiff in certain amounts and under certain conditions, in consideration of her giving this deed of right of way. In addition to the recitals in the agreement, parol evidence was offered showing that one Heinlein, who was the agent of defendant, and engaged in securing this deed from plaintiff, represented to her agent that defendant was the owner of sufficient water to irrigate the entire tract of seven thousand and forty acres. We think this parol evidence clearly admissible, and, taking all the evidence together upon this point, we are satisfied the court was not justified in holding that these representations as to the ownership of this water were not made to plaintiff, if the court so held. There is also evidence in the record to the effect that at the time these representations were made, and at the time the deed was executed, defendant was not the owner of any of these waters; and that thereafter and up to the date of the trial of this cause, never did own but six shares of the stock of the Lower Kings River Ditch Company, which interest was wholly insufficient to give plaintiff the proportion of the water to which she was entitled under the agreement. That the deed to defendant was given by reason of the representations made to plaintiff by it as to the ownership of water that could be used for the irrigation of her tract of land is plain. Indeed, her object in giving the deed was to secure from defendant water for the purpose of irrigating her land.

Without pursuing the subject further, it is sufficient to say we think plaintiff by her evidence made a *prima facie* cause of action upon this branch of the case.

There is nothing in the point that the action was not begun in time. We think the judgment appealed from should be reversed, and the cause remanded.

It is so ordered.

Harrison, J., and Van Fleet, J., concurred.

Hearing in Bank denied.