[S. F. No. 1666. Department One.—May 4, 1900.]

## J. H. HARPER, Appellant, v. C. W. GORDON, Respondent.

CHATTEL MORTGAGE—CONTRACT FOR POSSESSION AFTER DEFAULT—RE-
PLEVIN.—Where a chattel mortgage contains a special contract al-
lowing the mortgagee to take possession of the mortgaged chat-
tels after default, as permitted by section 2927 of the Civil
Code, such contract may be enforced after default by an action
of replevin.

ID.—LIMITED EFFECT OF MORTGAGEE'S POSSESSION — ACTION TO FORE-
CLOSE — CONSTRUCTION OF CODE.—The possession acquired by the
mortgagee under contract therefor merely adds to the security
of the mortgagee, but does not enlarge his interest. The ac-
tion of replevin to enforce such contract is not inconsistent
with section 726 of the Code of Civil Procedure, allowing but
one action to enforce the debt or lien of the mortgage. That
section is not applicable to an agreement for possession allowed
as an incident to the mortgage by section 2927 of the Civil
Code, and such an agreement may be enforced without fore-
closure.

ID.—MOTION FOR NONSUIT IN ACTION FOR REPLEVIN—DISMISSAL OF PRIOR
ACTION TO FORECLOSE—GROUNDS OF MOTION—APPEAL.—Upon a mo-
tion for nonsuit in an action of replevin by the mortgagor, the
question of the effect of the dismissal of a prior action to fore-
close the chattel mortgage upon application of the mortgagor
cannot be considered upon appeal where such dismissal was
not made one of the grounds of the motion.

APPEAL—BILL OF EXCEPTIONS—SPECIFICATIONS OF ERROR.—No specifica-
tions of error occurring at the trial are required in a bill of
exceptions, in order that the errors of law therein set forth
may be reviewed upon appeal.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion.

F. H. Smithson, and Carpenter & Flack, for Appellant.

The action of replevin was maintainable to enforce the agree-
ment for possession contained in the mortgage, which is inde-
pendent of any right of foreclosure. (Civ. Code, sec. 2927;
Jones on Chattel Mortgages, secs. 430, 431, 705, 706, 758, and
cases cited; *Bank of Woodland v. Duncan,* 117 Cal. 416.)    No

specification of errors occurring at the trial is required in a bill of exceptions. (*Barfield v. South Side Irr. Co.*, 111 Cal. 118; *Shadburne v. Daly*, 76 Cal. 355.)

Thomas W. Nowlin, for Respondent.

The action is not permissible, there being but one action allowed to enforce any right secured by mortgage. (Code Civ. Proc., sec. 726; *Cederholm v. Loofborrow*, 2 Idaho, 176.) There being no errors assigned in the record, the appellate court can only review the judgment-roll. (*Millard v. Hathaway*, 27 Cal. 119; *Hutton v. Reed*, 25 Cal. 479.)

CHIPMAN, C.—Replevin. Defendant had judgment on motion for a nonsuit upon the opening statement of counsel for plaintiff. Plaintiff appeals from the judgment by bill of exceptions.

The complaint sets forth the ordinary action of claim and delivery. Counsel for plaintiff in his opening statement stated to the court the nature of the suit; that the chattels, the subject of the action, were included in a chattel mortgage executed by defendant to plaintiff's assignor, and that the action is one of claim and delivery, based solely on said mortgage; that "the mortgage contained a provision that the party of the first part [defendant in this action] might retain possession of said personal property until default of the payment of the interest or principal, and, after default, the mortgagee [plaintiff herein] should be entitled to the possession of the property in said instrument described." It appeared also that default had been made and that defendant still retained possession. It was conceded that an action to foreclose the mortgage had been brought and had been dismissed upon application of the mortgagor, defendant herein, without notice to plaintiff and without any trial of the merits of the action, and "that such dismissal of said action in favor of said defendant Gordon was duly entered and recorded on the twenty-third day of March, 1896." It does not clearly appear whether the concession last above stated was made before or after the motion was made.

Counsel for defendant moved for a nonsuit on two grounds: "1. That only one action can be maintained for the foreclosure

of a mortgage and only in accordance with the Code of Civil Procedure, chapter 1, title X; . . . . and 2. That the suit here at bar is an action of replevin based exclusively upon a mortgage of personal property."

1. The facts stated in relation to the bringing of an action to foreclose the mortgage and its dismissal cannot be considered, as they were not made one of the grounds for the motion. (*Palmer v. Marysville etc. Pub. Co.*, 90 Cal. 168.)

2. Respondent claims that appellant cannot be heard because he failed to include any specifications of errors in his bill of exceptions. No specifications were necessary. (*Barfield v. South Side Irr. Co.*, 111 Cal. 118.)

3. Replevin will lie in a case like the present one. (Civ. Code, sec. 2927; *Flinn v. Ferry*, 127 Cal. 648, and cases there cited.)

4. Section 726 of the Code of Civil Procedure reads: "There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter," etc. The point now raised, that this section forbids the action, was not presented in the case above noted, and no case is cited where this precise question was decided. The action here is clearly not to recover the debt, nor do we think it an action "for the enforcement of any right secured by mortgage," in the sense intended by the clause restricting the action, upon a debt secured by mortgage, to foreclosure. The action of replevin determines only the right of possession. Section 2927 of the Civil Code recognizes what it was always competent for the parties to do, to wit, agree that the mortgagee might, either before or after condition broken, have possession. The section, however, makes the condition that the mortgagee is not entitled to possession "unless authorized by the express terms of the mortgage"; and this agreement may be entered into after the execution of the mortgage. (Civ. Code, sec. 2927.) The Civil Code, section 2920, defines a mortgage to be "a contract by which specific property is hypothecated for the performance of an act, without the necessity of a change of possession." The primary purpose of the mortgage is to secure the payment of the debt by creating a lien on the property. The object of foreclosure under section 726 of the

Code of Civil Procedure is to enforce the lien by subjecting the property to sale. The interest of the mortgagee is not enlarged or affected by the fact that he is in possession under the mortgage; he takes possession for the purpose of increasing his security, and whether he does this by the voluntary act of the mortgagor, or by action upon condition broken, the debt remains unpaid and the title still remains in the mortgagor. The agreement as to possession is but an incident to the mortgage, and unless it can be enforced the recognition given it by the Civil Code, *supra*, would have no value.

Respondent cites an Idaho case holding, under a statute similar to ours, that after foreclosure proceedings have been begun, and pending foreclosure, the mortgagee cannot have the remedy of replevin (*Cederholm v. Loofborrow*, 2 Idaho, 176); and it is claimed that the case is authority for the judgment here. The facts are not the same in the two cases, and hence the Idaho case does not apply. But if that case was rightly decided, and it should be held also that before foreclosure the mortgagee could not have an action for possession of the mortgaged property, it would result in entirely nullifying the agreement, for the mortgagee could not have possession either before or after foreclosure. The statute having given the right of possession to the mortgagee on the default of the mortgagor, where expressly provided for in the mortgage, the legislature must have intended that the right might be enforced without foreclosure. It is so held in many states (Jones on Chattel Mortgages, secs. 430, 431, 705, 706), and in our opinion the rule is not affected by our section 726 of the Code of Civil Procedure.

We think the plaintiff should have been permitted to put in his evidence. If it be true that his rights under the mortgage have already been determined, and defendant should set up the defense by appropriate answer, the question of *res judicata* can then be properly passed upon. As the matter is now before us we cannot consider that question.

The judgment should be reversed.

Haynes C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.          Van Dyke, J., Harrison, J., Garoutte, J.