[Civ. No. 2892. Second Appellate District, Division One.—June 7, 1919.]

## WESTERN CALIFORNIA LAND COMPANY (a Corporation), Respondent, v. BENJAMIN P. WELCH et al., Appellants.

[1] APPEAL—INTRODUCTION OF EVIDENCE—ERRONEOUS RULING OF TRIAL COURT—REVIEW BY APPELLATE COURT.—On appeal, specifications of the insufficiency of the evidence to sustain the findings and judgment of the trial court are not necessary to enable the appellate court to consider errors of law in the rulings of the trial court on objections to the introduction of particular evidence, or on a motion to strike such evidence from the record, or on a motion for nonsuit on the ground of irrelevancy and immateriality of such evidence in the absence of proper foundation.

[2] TITLE—POSSESSION—PRESUMPTION.—Actual possession establishes presumption of title and right to possession, which can only be overcome by proof of anterior possession or title from a paramount source.

[3] EJECTMENT—TITLE—INSUFFICIENT PROOF.—In an action in ejectment, evidence of a conveyance to plaintiff is irrelevant and immaterial in the absence of a showing that plaintiff's grantor had title to convey.

[4] ID.—DEFECT CURED BY DEFENDANT—INSUFFICIENT APPELLATE RECORD—PRESUMPTIONS.—Where, in such action, the defendants introduced in evidence a prior deed from a third party to plaintiff's grantor, but the deed is not made a part of the record on appeal from a judgment in favor of plaintiff, the appellate court must assume that such deed contained sufficient recitals as to the grantor's source of title to support the judgment of the trial court.

[5] ID.—WANT OF FOUNDATION FOR EVIDENCE—ERRONEOUS RULINGS OF TRIAL COURT.—Where the plaintiff failed in such action to lay the proper foundation for the admission in evidence of the deed to it, but the court ruled adversely on defendants' objections to such evidence and to their motion for a nonsuit, and thereafter the defendants proceeded with the case and introduced the evidence which supplied the defects in plaintiff's proof, the erroneous rulings of the court were cured.

APPEAL from a judgment of the Superior Court of Los Angeles County. Stanley A. Smith, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

James R. Jaffray for Appellants.

Gray, Barker & Bowen and Donald Barker for Respondent.

SLOANE, J.—This is an action in ejectment. The complaint alleges plaintiff's ownership and right to possession of the land in question, and that defendants were wrongfully in possession and withholding it from plaintiff. The answer of the defendants denies plaintiff's claim of ownership or right of possession, and alleges that defendants are in the rightful possession. The findings support the allegations of the complaint, and judgment was for plaintiff. Defendants appeal on the judgment-roll and a bill of exceptions.

While the bill of exceptions contains a statement to the effect that all the evidence introduced on the trial is set forth therein, it affirmatively appears on the face of the bill that it does not contain all of the evidence. So far as the evidence on plaintiff's part is concerned, the bill of exceptions is as follows:

"Plaintiff offered in evidence a deed from the Title and Guaranty Company to plaintiff Western California Land Company, dated Dec. 11, 1915. (Here set out so much of said deed as is necessary to the action.) Plaintiff offered a decree of this court in case number B-29782, In Matter of Voluntary Dissolution of the Los Angeles Title and Trust Company, entered and docketed Nov. 4, 1915. (Here set out so much of said decree as may be necessary to the action.) Plaintiff rests.'

"Defendants objected to each and every part of such offered evidence on the ground that the same was and is irrelevant, incompetent and immaterial, and without foundation, which objection was overruled by the court and the evidence admitted. Defendant then moved the court to strike out each and every part thereof, on the same grounds as objected to, which motion was overruled by the court. Defendant then moved the court to grant a nonsuit in this

case on the ground that no evidence had been produced by defendant, or admitted in evidence, tending in any way to support all or any of the issues in favor of the plaintiff, which motion was denied by the court.''

If defendants had rested their case at this point we would be justified in reversing the judgment.

[1] It is true, as respondent urges, that this bill of exceptions contains no specification of insufficiency of the evidence to sustain the findings and judgment, as is required by section 648 of the Code of Civil Procedure and numerous decisions of the supreme and appellate courts of this state, where the findings are attacked for insufficiency of evidence; but no such specifications are necessary to enable the court to consider on this appeal errors of law in the rulings of the trial court on defendant's objections to the introduction of these documents, their motion to strike them from the record and for nonsuit on the ground of irrelevancy and immateriality of the evidence in the absence of proper foundation. (*Smith* v. *Smith,* 119 Cal. 183, [48 Pac. 730, 51 Pac. 183]; *Barfield* v. *South Side Irr. Dist.,* 111 Cal. 118, [43 Pac. 406]; *Harper* v. *Gordon,* 128 Cal. 489, [61 Pac. 84].)

Notwithstanding the fact that the bill of exceptions fails to set forth, as therein suggested, the contents or substance of the deed and decree introduced by the plaintiff, it is difficult to conceive of anything these documents could have contained which, in the absence of a chain of conveyances or other basis of title by way of foundation, would show title or right of possession in the plaintiff as against the presumption of right and title in defendants arising from their actual and admitted possession at the time of the commencement of the action. [2] There is no more firmly established rule of evidence than that actual possession establishes presumption of title and right to possession, which can only be overcome by proof of anterior possession or title from a paramount source. (*Hawxhurst* v. *Lander,* 28 Cal. 331; *Morris* v. *Clarkin,* 156 Cal. 16, [103 Pac. 180]; Civ. Code, sec. 1006.) It is unnecessary to review the long list of authorities submitted by appellants to sustain this proposition. [3] Plaintiff's deed from the Title Guaranty and Trust Company, no matter what its terms, in the ab-

sence of a showing that the Title Guaranty and Trust Company had title to convey, was entirely irrelevant and immaterial; and a decree in the matter of the dissolution of the Los Angeles Title and Trust Company, an apparent stranger to the title to this property, was equally ineffective, no matter what its recitals. So far as appears from the record of plaintiff's side of the case, the defendants' objection and motions should have been sustained.

[4] But we find, however, in the record of defendants' bill of exceptions that the defendants introduced in evidence a deed from the Los Angeles Title and Trust Company to plaintiff's grantor, the Title Guaranty and Trust Company, antedating the deed to plaintiff. The contents of this instrument are not set out. It does not even appear whether it was a deed to the land in question. Nothing, however, appears to the contrary. It may have contained recitals as to grantor's source of title that would estop defendants from claiming against it. This deed was put in evidence by defendants, and they would be bound by its recitals. The law will presume, where the extent and nature of the evidence is not sufficiently set forth in the bill of exceptions to show the contrary, that there was competent and sufficient evidence before the court to sustain its rulings and findings. The burden is upon appellant to affirmatively show, by production of all the evidence on the point, that the ruling or finding was erroneous.

[5] If, after the adverse rulings on their objection and motions to strike and for a nonsuit, the defendants proceeded with the case and introduced evidence which supplied the defects in plaintiff's proof, the erroneous rulings of the court are cured. (*Robinson* v. *Nevada Bank*, 81 Cal. 106, [22 Pac. 478]; *Russell* v. *Pacific Can Co.*, 116 Cal. 527, 530, [48 Pac. 616].)

The introduction of this deed by defendants, without disclosing its contents in the bill of exceptions, opens up a field for presumption which will support any conjecture as to its terms that might reasonably be made, and which would, if shown, establish a foundation for plaintiff's claim. Doubtless the failure to include the terms of these various instruments in the engrossed bill of exceptions was the result of an oversight, but, in the absence of any

suggestion for the diminution of the record, the appeal must be determined by the record as it is presented.

Judgment affirmed.

Finlayson, P. J., and Thomas J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 4, 1919.

All the Justices concurred.