[Civ. No. 7297. First Appellate District, Division One.—July 22, 1930.]

OTTO STROCK, Respondent, v. PICKWICK STAGES SYSTEM (a Corporation), Appellant.

B. P. Gibbs, Barry J. Colding, Theodore Hale and Carroll B. Crawford for Appellant.

Carlton D. Dethlefsen and Raymond G. Wilkins for Respondent.

THE COURT.—This is an appeal from a judgment in favor of plaintiff and against defendant Pickwick Stages System, a corporation, entered in an action to recover damages for personal injuries. Shell Oil Company, a corporation, was also joined as a defendant, but as to it a judgment of nonsuit was entered and the corporation first named is the only appellant.

The plaintiff on November 5, 1928, was a passenger in appellant's stage, which at the time he received the injuries complained of was being driven south along the highway near Los Gatos. The seats were placed crosswise of the vehicle, and were entered by doors on the right-hand side. At the end of each seat on the left-hand side were windows which might be opened by lowering the sash, and when this was done the top of the sash was nearly flush with the window sill. Plaintiff was seated at the extreme left end of the front seat immediately behind the seat occupied by the driver, which was separated from the seats of the passengers by a glass partition. The plaintiff had opened the window at his left and was sitting with his elbow on the sill. At the point on the highway mentioned the stage met a

truck traveling north, which was loaded with oil drums. As the vehicles passed plaintiff's left elbow was struck and one of the bones of his arm was fractured. It was testified that the stage was rounding a curve at the time, which obscured the driver's view ahead for about seventy-five feet and according to the plaintiff the vehicle was being driven about two feet to the driver's left of the center of the highway. Estimates as to its speed varied from twenty-five to forty miles per hour, and it is admitted that the speed of the stage exceeded the limit fixed by the California Vehicle Act (Stats. 1923, p. 517) under the conditions described. Plaintiff testified that the vehicles as they passed swayed from side to side, and other witnesses testified that they heard the sound of a blow or impact at that time. Aside from certain scratches near the window mentioned the stage showed no indications of a collision, and whether these injuries to the stage were caused at the time or happened previously the evidence left in doubt.

Appellant contends that the evidence was insufficient to show that it was negligent and that the verdict was consequently unsupported. The plaintiff averred that appellant negligently operated the stage and that by reason thereof it collided with the truck mentioned, causing the damage alleged. That a collision occurred was a fair inference from the evidence, which fully sustained the conclusion of the jury in this respect. The stage was under appellant's control and the accident was such as in the ordinary course of things does not happen if ordinary care be used. The jury believed the testimony of the plaintiff that the vehicle was traveling to the left of the center of the highway and in this there was nothing inherently improbable, as it is admitted that the stage had a right-hand drive. The driver was consequently sitting on the right-hand side of the vehicle and the plaintiff from his position was better able to observe the course of the stage than the driver or other passengers. In addition, the speed of the vehicle might reasonably be said to have contributed to the result by causing the sway from side to side as described by plaintiff. Moreover, the allegations of the complaint as to the cause of the collision were general and the circumstances of the injury were sufficient to sustain an inference of negligence under the doctrine of *res ipsa loqui-*

tur. (*Bauhofer* v. *Crawford,* 16 Cal. App. 676 [117 Pac. 931]; *Lawrence* v. *Pickwick Stages, etc.,* 68 Cal. App. 494 [229 Pac. 885]; *Seney* v. *Pickwick Stages, etc.,* 82 Cal. App. 226 [255 Pac. 279].) ▮ The fact that after pleading negligence in general terms plaintiff offered testimony tending to show specific acts of negligence did not preclude him from relying on the doctrine (*Kilgore* v. *Brown,* 90 Cal. App. 555 [266 Pac. 297]). ▮ This was true, notwithstanding the fact that the injuries complained of may have been caused by some other agency (*Brown* v. *Davis,* 84 Cal. App. 180, 185 [257 Pac. 877], and cases cited), and the same rule applies when a particular act of negligence is averred where such act is the one which the doctrine tends to establish (*Atkinson* v. *United Rys., etc.,* 71 Cal. App. 82 [234 Pac. 863]).

▮ Appellant also claims that inferences as to the cause of the injury other than those drawn by the jury might reasonably be drawn from the evidence, and that consequently their conclusions are unsupported, citing *Estate of Wallace,* 64 Cal. App. 107, 110 [220 Pac. 682]. As pointed out in *Robertson* v. *Weingart,* 91 Cal. App. 715, 723 [267 Pac. 741], the Supreme Court, in denying a rehearing in the Wallace case, disapproved the rule relied upon by appellant and referred to the correct rule as stated in a number of cases decided by that court, namely, *Estate of Loucks,* 160 Cal. 551, 554, 555 [Ann. Cas. 1913A, 868, 117 Pac. 673]; *People* v. *Tom Woo,* 181 Cal. 315 [184 Pac. 389]; *Mah See* v. *North American Acc. Ins. Co.,* 190 Cal. 421 [26 A. L. R. 123, 213 Pac. 42].

We are satisfied that the verdict was not based upon a mere conjecture, as urged by appellant, but that the circumstances reasonably support the conclusion that the proximate cause of plaintiff's injury was the negligent operation of the stage.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 21, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 11, 1930.