[Civ. No. 7736. First Appellate District, Division Two.—April 27, 1931.]

PACIFIC FACTORS, INC. (a Corporation), Respondent, v. ST. PAUL HOTEL, INCORPORATED (a Corporation) et al., Defendants; J. H. JONAS & SONS, INC., (a Corporation), Appellant.

E. E. Leighton for Appellant.

Hugh Ward Lutz for Respondent.

NOURSE, P. J.—Plaintiff brought this action on a promissory note against St. Paul Hotel, Inc., as maker, and J. H. Jonas & Sons, Inc., as guarantor. Service was not had upon St. Paul Hotel, Inc. J. H. Jonas & Sons, Inc., answered and the trial was had before the court sitting without a jury. Judgment went for plaintiff, and defendant J. H. Jonas & Sons, Inc., appeals upon a typewritten transcript.

Appellant was the holder of a negotiable promissory note in the sum of $4,150.20, executed by the St. Paul Hotel, Inc., as maker, payable March 1, 1928. Appellant negotiated with respondent for the purchase by respondent of this note at any time appellant might be in need of funds and instructed its bookkeeper to that effect. On September 29, 1927, appellant's bookkeeper took the note to the office of respondent. At that time the note was not indorsed. The bookkeeper presented the note to Mr. Richard, secretary-treasurer of respondent corporation, and the latter caused to be written on the back of the note a guaranty which he informed the bookkeeper must be signed by an officer of the Jonas Company. The bookkeeper took the guaranty to Mr. Molerstein, secretary of the Jonas Company, for signature. Mr. Molerstein indorsed the guaranty, but did not affix the corporate seal, as he was not, at the time of signing, at the office of the corporation.

The respondent then paid to the Jonas Company the amount agreed on to discount the note, and a letter written by its secretary, stating that the purchase had been made,

was sent to the Jonas Company. On February 20, 1928, respondent wrote to appellant advising it that the affairs of the St. Paul Hotel, Inc., were in an involved condition, calling appellant's attention to its liability on the note, and asking what disposition the appellant wished made of the note. No reply to the letter having been received the respondent again, on March 6, 1928, wrote advising the Jonas Company of its liability on the note. The Jonas Company did not answer this letter, and the respondent again wrote, on March 9, 1928, stating that the note had been returned uncollectible and that the matter was then in the hands of its attorneys. On March 15, 1928, the Jonas Company replied to the three above-mentioned letters, denying liability on the note, because it was its understanding that the transaction was an indorsement without recourse. The respondent filed suit on March 15, 1928.

The first two points raised by appellant may be treated together. It is argued that the trial court erred in admitting the contract of guaranty in evidence, because the authority of the secretary of the appellant corporation to execute it had not previously been proved. In the same connection it is urged that the trial court erred in denying the motion for nonsuit because of the failure of this proof. ■ It has frequently been held that errors in the admission of evidence may be cured by other evidence properly received during the course of the trial. ■ The point here is that as the corporate seal was not affixed by the secretary it was, therefore, incumbent upon the plaintiff to prove that the guaranty was executed by authority of the corporation. In executing the guaranty the secretary of the corporation was merely acting as the agent of the corporation in a transaction for which oral authorization conferring the agency would suffice. (*Phillips* v. *Sanger Lumber Co.,* 130 Cal. 431, 434 [62 Pac. 749]; *Greig* v. *Riordan,* 99 Cal. 316, 322 [33 Pac. 913, 916].) In the latter case the Supreme Court, quoting from *Gillett* v. *Campbell,* 1 Denio (N. Y.), 522, said that "corporations, like individuals, may appoint agents, and make most of the contracts which fall within the scope of their general powers without the use of a seal; the rule was once otherwise, but that day has gone by".

Thus, if the signature of the secretary was authorized by the corporation, proof of that fact made the document admissible, and though the ruling may have been error at the time it was made, such error was cured by the defendants proceeding with the case and introducing evidence which supplied the defects in plaintiff's proof. (*Western California L. Co.* v. *Welch,* 41 Cal. App. 435, 438 [183 Pac. 169]; *Robinson* v. *Nevada Bank,* 81 Cal. 106, 111 [22 Pac. 478].) ██ Here the respondent relied upon the subsequent ratification of the agency as a part of its proof of the authority of the secretary to execute the document. In *Phillips* v. *Sanger Lumber Co., supra,* it was said: "An agency may be created by subsequent ratification as well as by precedent authority (Civ. Code, sec. 2307); and where an oral authorization would suffice for conferring an agency, it will be ratified by accepting or retaining the benefit of the act with notice thereof. (Civ. Code, sec. 2310.)" Holding, as we must, that the acts of its secretary were ratified by the appellant corporation in its acceptance and retention of the benefits of the transaction, it must follow that the authority of the agent was proved by the subsequent evidence of ratification; hence, if there were error in the ruling of the trial court admitting the document in evidence and in denying defendant's motion for a nonsuit, those rulings were cured and are not now available as grounds for the reversal of the judgment. (*Levey* v. *Henderson,* 177 Cal. 21, 22 [169 Pac. 673], and cases cited; *Smith* v. *Pittler,* 95 Cal. App. 101, 106 [72 Pac. 789].)

Upon the question of ratification the case presents no difficulties. Manifestly the guaranty or indorsement executed by the secretary of appellant corporation was binding upon the corporation if executed with authority. This authority could have been conferred orally, and hence the act of the agent could be ratified by accepting or retaining the benefits of the act. (Sec. 2310, Civ. Code, and *Phillips* v. *Sanger Lumber Co., supra.*) ██ There is no dispute in the evidence that J. H. Jonas was the president and principal stockholder of appellant corporation; and that he negotiated with the respondent for the transfer of the note and authorized his bookkeeper to complete the transaction whenever the corporation was in need of funds. There is no dispute that the bookkeeper negotiated with the respond-

ent for the transfer of the note under the instructions of the president of the corporation, nor that he procured the signature of the secretary to the guaranty of indorsement on the back of the note. This was done with full knowledge on the part of the secretary of the corporation that a guaranty was necessary before the transfer could be completed, and though the transactions were completed while Mr. Jonas was on a vacation he had full knowledge of the entire transaction long prior to the date of the maturity of the note. There is, it is true, some conflict in the testimony as to the extent of the knowledge of Mr. Jonas. He testified that he instructed his bookkeeper to transfer the note without recourse only, and that he did not authorize the secretary to sign the guaranty. There is other evidence that these matters were called to his attention by the respondent, and the trial court's finding of knowledge is fully supported.

Thus all the elements are present to establish a ratification on the part of the corporation of the acts of its officers in executing the guaranty and in receiving and retaining the profits of the transaction. (7 A. L. R. 1447, 1472, 1482.)

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.