[Civ. No. 9749.  Second Appellate District, Division One.—March 24, 1936.]

KENNETH ROSS, a Minor, etc., et al., Respondents, v. BAY CITY TRANSIT COMPANY (a Corporation) et al., Appellants.

Bryce P. Gibbs for Appellants.

Walter S. Coen for Respondents.

SHINN, J., *pro tem.*—This is an appeal by defendants from a judgment in plaintiffs' favor after a trial of an action before the court, arising out of an injury sustained by plaintiff Kenneth Ross, a minor, while a passenger in a motor bus operated by defendant Bay City Transit Company.

The case presents the sole question whether the defendants were guilty of negligence contributing proximately to the accident, in the operation of the bus under the following circumstances: The bus was proceeding in a northerly direction on San Pedro Road, a paved highway having a width of about 40 feet. It was traveling at about 25 miles per hour on the east half of the highway with its right wheels 7 or 8 feet from the right edge of the pavement and the left wheels within 2 or 3 feet of the center of the highway.

Traffic was heavy in each direction. The bus driver testified that he observed a car coming from the opposite direction at a distance of about 300 feet and at a speed of 50 or 55 miles per hour, that it was "just straddling the center line half and half" and passed two other cars going in the same direction; that he did not alter the course of the bus; that the car returned to the west side of the highway after passing the other cars; that it came over to the east half of the highway when about 30 feet away from the bus, and that at that time he turned the bus slightly to the left. The side of the bus, about 10 feet from the front on the left side, was struck by the car, and plaintiff, who was riding with his arm on the sill of a window he had opened, was struck at or above the elbow, receiving serious and permanent injuries to his arm.

If there was negligence on the part of the driver of the bus, it is to be found in the evidence that the bus was driven close to the center line of the highway and proceeded straight ahead, with practically no deviation from its course, after the driver had observed the approaching car being driven at excessive speed and a part of the time on the east half of the highway.

Under section 122 of the California Vehicle Act, it was the duty of the driver of the bus to drive the same on the right half of the highway and close to the right edge of the highway, unless it was impracticable to do so, or unless he was overtaking and passing another vehicle. There was unoccupied space the width of the bus along the east edge of the highway; the bus was not in the act of passing another car; the entire highway was usable, and no reason was shown why the bus could not have traveled close to the edge as the law required. This violation of the law, which was clearly shown, was in itself an act of negligence.

Had the court believed the testimony of the bus driver in its entirety, it might be questioned whether the court would have found the evidence sufficient to establish this single act of negligence as the proximate cause of the accident. The driver's explanation of the accident was not corroborated and we cannot say that the trial court was bound to accept it or did accept it. He testified that just before the approaching car struck the bus it swung out around another car which was just about opposite him and in doing so grazed the side of the

bus and proceeded on without stopping. His testimony on cross-examination was susceptible of the construction that after the approaching car returned to the west side of the highway there was no other car ahead of it. Furthermore, he testified at the trial that his left wheels were 6 or 8 feet from the center line of the road, although he had testified in his deposition that they were not more than 2 or 3 feet from the center.

In the face of the uncertainties and contradictions in the testimony of the bus driver, the court was not bound to believe and accept his explanation of the accident, and especially that part of his testimony in which he described the car as returning to its own side of the street and coming out again to pass another car. (*Prickett* v. *Whapples*, 10 Cal. App. (2d) 701 [52 Pac. (2d) 972].) It might be that the testimony as given created a doubt in the mind of the trial court that the approaching car, after it was first observed, did return to its own side of the road. The evidence showed that the bus and the car approached each other at a combined speed of 75 miles per hour or at the rate of 110 feet per second. This would allow the approaching car less than three seconds to travel from the point where it was first observed passing other cars to the point where it struck the bus. Whether it was reasonable to believe that the car in such an exceedingly brief period could have been driven back to its own side of the road and then again to the wrong side, where it struck the bus, is debatable. The trial court was required to weigh the improbability that the car could have been or was operated in this erratic and difficult manner against the assertions of the bus driver that it was so operated. There was ample time in which to move the bus over to a safer position after the driver first saw the approaching car on the wrong side of the highway. All of these considerations were for the trial court to weigh in determining the issues of negligence and proximate cause, and it is not for this court to say whether we would have reached the same conclusions of fact which the trial judge reached. We cannot say that the trial court could not reasonably have believed from the evidence that the car approached along or dangerously close to the center of the highway, in which event the court might have concluded that the bus driver should have driven the

bus over to the right, nor can we say, as a matter of law, that the driver of the bus, upon his own statement of the case, exercised a high degree of care after seeing the approaching car. It is needless to say that the questions of negligence and proximate cause are questions of fact, resting with the trial judge or jury. The conclusion of the trial court upon these questions finds support in the evidence and inferences reasonably drawn therefrom, and this court cannot disturb its findings.

There is much discussion in the briefs as to the application of the doctrine ·of *res ipsa loquitur* to the facts established by the evidence on behalf of plaintiff in which it was shown that plaintiff's injuries were suffered when his arm was struck by a passing car. If we should assume that a nonsuit should have been granted upon the ground that no inference of defendants' negligence nor that such negligence was the proximate cause of the accident, arose from the facts established by plaintiff's evidence, a reversal would not be justified if the deficiency of plaintiff's proof was supplied by that of the defendants. (*Carter* v. *Canty*, 181 Cal. 749, 753 [186 Pac. 346]; *Withey* v. *Hammond Lumber Co.*, 140 Cal. App. 587, 598 [35 Pac. (2d) 1080]; *Russell* v. *Pacific Can Co.*, 116 Cal. 527 [48 Pac. 616]; *Western California L. Co.* v. *Welch*, 41 Cal. App. 435 [183 Pac. 169].) The basis of the decision is found in the testimony which described the accident and the manner of its occurrence, and not in the doctrine of *res ipsa loquitur*.

It is contended that plaintiff was guilty of contributory negligence. It appears that he opened the window by which he was seated and rested his elbow on the sill. It does not appear that plaintiff's arm was at all outside of the outer edge of the window sill and frame. The court having decided that plaintiff was not guilty of contributory negligence, we are bound by that finding, there being nothing in plaintiff's conduct constituting negligence as a matter of law. (*Strock* v. *Pickwick Stages System*, 107 Cal. App. 298 [290 Pac. 482]; *Graff* v. *United Railroads of San Francisco*, 178 Cal. 171 [172 Pac. 603]; *Seigel* v. *Eisen*, 41 Cal. 109.)

The judgment is affirmed.

Houser, P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 21, 1936.