In re Alan and Jacquelyn **BUCHANAN**, Debtors.

**Charles Sims, Trustee, Plaintiff,**

v.

**California Bank & Trust, Defendant.**

Bankruptcy No. 03–10187.
Adversary No. 03–1050.

United States Bankruptcy Court, N.D. California.

June 9, 2003.

R. Morgan Holland, Santa Maria, CA, for Debtor.

Sandra K. McBeth, San Luis Obispo, CA, for Trustee.

### Memorandum on Motion for Summary Judgment

ALAN JAROSLOVSKY, Bankruptcy Judge.

On September 17, 2001, debtors Alan and Jacquelyn Buchanan obtained an equity line of credit from defendant California Bank and Trust secured by their real property at 2700 Nelligan Road, Glen Ellen, California. The deed of trust the debtors gave to the Bank recited that it secured not only funds extended on the line of credit but any and all obligations which might later become due if a writing signed by the debtors specifically provided that it was secured by the deed of trust.

Earlier in 2001, the debtors had guaranteed a note given to the Bank by their corporation. In April, 2002, the Bank and the debtors entered into a modification agreement which specifically provided that the Bank had no obligation to reconvey the deed of trust until all indebtedness under both the line of credit and the corporate note had been paid in full.

In November, 2002, the Bank filed a lawsuit in state court against the debtors to enforce their guarantees. The Bank then sought and obtained attachment liens on the property subject to its deed of trust.

The debtors filed a Chapter 7 bankruptcy petition on January 28, 2003. In this adversary proceeding, Chapter 7 trustee and plaintiff Charles Sims seeks a determination that by obtaining the attachment liens the Bank forfeited its status as a secured creditor by virtue of California's One Form Of Action rule codified in § 726 of the California Code of Civil Procedure.

The Bank raises a legal argument and a factual argument in its defense. It argues that as a matter of law a secured creditor does not forfeit its security when it attaches property which was already subject to its security interest. It argues that as a matter of fact the debtors' guarantee of the corporate note was not secured by the property.

The legal issue centers around an unresolved issue of California law. The mere filing of a lawsuit seeking recovery of money does not result in forfeiture of the creditor's security rights. *In re Madigan*, 122 B.R. 103, 106–07 (9th Cir. BAP 1991). However, it is well established that a creditor forfeits its secured rights by proceeding to judgment in such a suit, even if it thereafter seeks to enforce the judgment against property which was formerly its security. *James v. P.C.S. Ginning Co.* (1969) 276 Cal.App.2d 19, 24, 80 Cal.Rptr. 457. It is also settled that secured rights are forfeited when a creditor obtains a pre-judgment writ of attachment against property which is not its security. *Shin v. Superior Court* (1994) 26 Cal.App.4th 542, 31 Cal.Rptr.2d 587. The issue here, apparently one of first impression, is whether a creditor forfeits its secured rights when it obtains a pre-judgment writ of attachment *against its own collateral.*

Despite the considerable dicta cited by the Bank to the effect that forfeiture only results when unpledged assets are attached, it seems that the only real issue is whether the act taken by the creditor

amounts to an "action." If it does, then it should not matter whether the subject of the action is pledged or unencumbered property.

■ The best discussion of this issue the court can find is at 4 Miller & Starr, California Real Estate, § 10:162:

> Decisions as to what constitutes conduct that is an "action" in violation of the one-action rule can be explained by the election of remedies doctrine. If the conduct of the beneficiary in prosecuting an action amounts to an election of a remedy other than foreclosure, or if other conduct is analogous to such an election of a remedy, the sanction of loss of security may apply. The election of remedies occurs either under the doctrine of res judicata, where the beneficiary has obtained a final judgment, or under the doctrine of estoppel, such as an attachment.

Using this analysis, the court finds that obtaining the writ of attachment was an "action" resulting in forfeiture of the Bank's collateral notwithstanding that the action was taken against property which had been pledged to it. In order to obtain the writ of attachment, the Bank had to affirmatively allege that it was unsecured. Having obtained by this allegation power over the debtors' property which it did not already possess,[1] it is estopped from asserting its rights as a deed of trust holder regardless of the property subject to attachment.

The Bank argues that it sued the debtors on their guarantee, not the note, and this obligation was unsecured. The court does not see any material distinction between a suit on the guarantee and a suit on the note, as the debtors' guarantee was of the note and only the note. The modification agreement clearly made the debtors' real property collateral of the bank until the guaranteed note was paid in full. There is accordingly no difference between a suit on the note and a suit on the debtors' guarantee of the note.

For the foregoing reasons, the court will grant plaintiff's motion for summary judgment and decree that the Bank has no right, title or interest in the subject real property save as an unsecured creditor of the bankruptcy estate.[2] Counsel for plaintiff shall submit an appropriate form of order granting summary judgment and a separate form of judgment.

■

---

1. A trustor under a deed of trust maintains the right to sell or refinance his property, even if he is in default. Property subject to attachment is much more difficult, if not impossible, to sell or refinance. See *Shin,* 26 Cal.App.4th at 547, 31 Cal.Rptr.2d 587.

2. The Bank concedes that its attachment liens are avoidable.