MEMORANDUM *
Attorney David Smyth was sanctioned $10,761 by the United States Bankruptcy Court for the Northern District of California (“bankruptcy court”) for filing a complaint initiating an adversary proceeding (the “Adversary Proceeding Complaint”) which the bankruptcy court determined was frivolous and was filed for an improper purpose.[1] The bankruptcy court also imposed a six-month suspension from practice in bankruptcy court on Smyth for filing a frivolous objection to a creditor’s proof of claim (the “Proof of Claim Objection”). We affirm in part and reverse in part, and remand for further proceedings.[2]
The bankruptcy court imposed both sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011.[3] We review all aspects of an imposition of sanctions for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).[4] A court abuses its discretion in imposing sanctions where its determination that a filing is frivolous is based on “a materially incorrect view of the relevant law” or clearly erroneous findings of fact. Id. at 401-02, 110 S.Ct. 2447. A filing is frivolous if it is “both baseless and made without a reasonable and competent inquiry.” Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1991) (en banc). Attorney conduct is measured objectively against a reasonableness standard of the conduct of a “competent attorney admitted to practice before the involved court.” Valley Nat’l Bank v. Needler (In re Grantham Bros.), 922 F.2d 1438, 1441 (9th Cir.1991).
A. Monetary Sanctions Imposed for the Adversary Proceeding Complaint
First, we address Smyth v. City of Oakland, 05-16407 — Smyth’s appeal of the bankruptcy court’s imposition of monetary sanctions based on the Adversary Proceeding Complaint Smyth filed on Brooks’ behalf in bankruptcy court. Smyth contends the claims in the Adversary Proceeding Complaint were not frivolous because they were not barred by either issue or claim preclusion, and his “One Action Claim”[5] *657 was not a frivolous legal argument. We agree the bankruptcy court abused its discretion in imposing sanctions based on its conclusion the claims were barred by issue and claim preclusion, because its conclusion these arguments were frivolous was based on a materially incorrect view of preclusion law. We hold the district court did not abuse its discretion, however, in imposing sanctions based on the One Action Claim, because its conclusion the claim was frivolous was based on a correct view of the law.
1. The Statutory Claim
In the Adversary Proceeding Complaint, Smyth contended that Oakland’s liens on Brooks’ property were illegal because the liens violated federal Department of Housing and Urban Development (“HUD”) rules (the “Statutory Claim”). The alleged violation of HUD rules also formed the factual basis for Brooks’ tort claims against Oakland filed in federal district court, which the district court dismissed for lack of subject matter jurisdiction. The bankruptcy court concluded issue preclusion barred re-litigation of the Statutory Claim based on the district court’s dismissal of Brooks’ federal complaint.
A dismissal for lack of subject matter jurisdiction is not a final judgment on the merits, Fed.R.Civ.P. 41(b), but such dismissal does preclude re-litigation of the jurisdictional issue there presented, in a subsequent action. Kendall v. Overseas Dev. Corp., 700 F.2d 586, 538, 538 n. 1 (9th Cir.1983). The bankruptcy court erred, however, in concluding the district court’s finding of lack of subject matter jurisdiction adjudicated the merits of the Statutory Claim. The district court never reached the question whether Oakland’s alleged violations of HUD regulations could provide an affirmative defense to enforcement of the liens. Rather, the district court held the HUD regulations created no private right of action, so there simply was no federal question jurisdiction over the tort claims arising out of the alleged violation of HUD regulations.
Accordingly, the dismissal might not have resolved the question whether Oakland’s alleged violation of HUD regulations could provide a defense to enforcement of the liens. Therefore, it was not frivolous to argue that the Statutory Claim was not barred by issue preclusion, and the bankruptcy court abused its discretion in imposing sanctions for this claim based on its materially incorrect view of preclusion law.
2. The Breach of Contract Claim
Smyth also sought declaratory relief in the Adversary Proceeding Complaint: that Brooks owed Oakland no money and Oakland’s liens were invalid, based on Oakland’s alleged breach of its contracts with Brooks and HUD by failing to disburse all loan money promised him (the “Breach of Contract” claim). Previously, Smyth filed a Second Amended Cross-Complaint to Oakland’s complaint against Brooks in California state court — to which the court sustained a demurrer without leave to amend for failure to state a claim — making nearly identical allegations. Nevertheless, the bankruptcy court erred in concluding Smyth’s Breach of Contract claim in the Adversary Proceeding Complaint was frivolous because it was barred by claim preclusion.
In state court, Oakland demurred on two grounds: (1) a violation of the relevant statute of limitations; and (2) failure to state a claim. The state court’s order sustaining the demurrer stated only it was for “failure to state a claim.” Under California law, however, a general demurrer for “failure to state a claim” also lies when a cause of action is barred by the statute of limitations. Kendrick v. City of Eureka, 82 Cal.App.4th 364, 98 Cal.Rptr.2d 153, *658 155 (2000). Although California law requires the trial court to specify the ground upon which a demurrer is sustained, Cal. Civ.Proc.Code § 472d,[6] the trial court failed to do so. There is no rule in California that failing to specify the grounds upon which a general demurrer is sustained necessarily means the demurrer was sustained on all grounds noticed. Thus, it is possible the demurrer was sustained on only the statute of limitations ground.
Under California law, a dismissal based on statute of limitations is not considered a judgment on the merits for claim-preclusion purposes and does not bar re-litigation of that claim, Koch v. Rodlin Enter., Inc., 223 Cal.App.3d 1591, 273 Cal.Rptr. 438, 441 (1990), but does bar re-litigation of the statute of limitations issue.
Therefore, Smyth’s assertion of the Breach of Contract claim in a second proceeding is not barred by claim preclusion if he could plead it to avoid the statute of limitations problem. Here, it was not frivolous for Smyth to attempt to plead the claim to avoid the statute of limitations problem. Under California law, a claim barred by statute of limitations can be asserted defensively. Styne v. Stevens, 26 Cal.4th 42, 109 Cal.Rptr .2d 14, 26 P.3d 343, 347 (2001). Brooks alleged the Breach of Contract claim in seeking a declaration Oakland’s liens were invalid and he owed Oakland no money, an action that could possibly be considered defensive to Oakland’s proof of claim. See, e.g., Coxson v. Commonwealth Mortgage Co. of Am. (Matter of Coxson), 43 F.3d 189, 194 (5th Cir.1995). Thus, the bankruptcy court’s imposition of sanctions for the Breach of Contract claim was an abuse of discretion because it was based on a materially incorrect view of preclusion law.
3. The One Action Claim
The bankruptcy court did not abuse its discretion, however, in concluding Smyth’s One Action Claim — that Oakland’s liens on Brooks’ real property were extinguished when Oakland obtained a writ of possession on Brooks’ personal property— was a frivolous legal argument.
California’s one action rule is an election of remedies statute. It requires a creditor seeking recovery of a debt secured by property to do so by foreclosing on the security; if a creditor chooses another form of action (remedy) for the recovery of the debt, for example by seeking a personal judgment against the debtor, the creditor waives his security interest in the property. Cal.Civ.Proc.Code § 726(a).[7] In other words, if a creditor pursues a remedy inconsistent with foreclosure on the security, he has elected his remedy and is precluded from later seeking foreclosure of the secured property. See Walker v. Cmty. Bank, 10 Cal.3d 729, 111 Cal.Rptr. 897, 518 P.2d 329, 331, 337 (1974).
One of Oakland’s loans to Brooks was secured by both Brooks’ warehouse and its contents. In addition to initiating nonjudicial foreclosure on the warehouse, Oakland filed a complaint in California state court and obtained a writ of possession for the contents of Brooks’ warehouse. A writ of possession is obtained through the provisional remedy of “claim and delivery,” by *659 which a party claiming the right of possession of property may obtain temporary possession, before a final judgment on title and possession is rendered. 6 Witkin, Cal. Procedure, Provisional Remedies § 247 (4th ed. 1997). Smyth claimed that Oakland, by obtaining a writ of possession for the warehouse contents, waived its security interest in the warehouse itself by operation of the one action rule — even though Oakland never enforced the writ and ultimately dismissed its complaint against Brooks.
The bankruptcy court did not abuse its discretion in concluding Smyth’s One Action Claim was frivolous, ie., “both baseless and made without a reasonable and competent inquiry.” Townsend, 929 F.2d at 1362. The bankruptcy court’s conclusion the claim was baseless was not predicated on an incorrect view of the one action rule. The court correctly observed the one action rule applies where a creditor pursues an action to recover the underlying debt owed that is inconsistent with the remedy of foreclosure on its security; it has never been applied to actions in which the creditor merely acts “in aid of its security interest.” By obtaining a writ of possession Oakland sought temporarily to protect its security from Brooks taking action to sell or devalue it — a move entirely consistent with the one action rule’s requirement that Oakland recover its debt by foreclosing on its security.
Moreover, a reasonable and competent inquiry would have revealed that as early as 1900, the California Supreme Court rejected the argument that an action to determine the right of possession of personalty to perfect a security interest in that security could trigger the one action rule. Harper v. Gordon, 128 Cal. 489, 61 P. 84 (1900).
In Harper, a mortgagor defaulted on a debt secured by a chattel mortgage; the mortgagee first brought a foreclosure action which was later dismissed. Id. at 85. The mortgagee then brought an action for claim and delivery on the security seeking to gain possession of it.[8] Id. The trial court granted defendant’s motion for non-suit based on defendant’s claim the one action rule prevented the plaintiff-mortgagee from taking a second action to recover the debt through the claim and delivery suit. Id. The Supreme Court of California reversed, holding the claim and delivery action was
clearly not to recover the debt, nor do we think it an action “for the enforcement of any right secured by mortgage,” in the sense intended by the [one action rule] restricting the action, upon a debt secured by mortgage, to foreclosure. The action of replevin determines only the right of possession.... The interest of the mortgagee is not enlarged or affected by the fact that he is in possession under the mortgage; he takes possession for the purpose of increasing his security, and whether he does this by the voluntary act of the mortgagor, or by action upon condition broken, the debt remains unpaid and the title still remains in the mortgagor.

Id.

Finally, Oakland initiated only a claim of possession; it never executed the writ of possession and later voluntarily dismissed the action for possession against Brooks before a final judgment of possession was rendered. See Buchanan v. Cal. Bank & Trust (In re Buchanan), 303 B.R. 199, 200 *660 (Bankr.N.D.Cal.2003) (“the mere filing of a lawsuit seeking recovery of money does not result in forfeiture of the creditor’s security rights”). The bankruptcy court was within its discretion in imposing sanctions on Smyth based on its conclusion this was a frivolous claim under the one action rule.
4. Improper Purpose
The bankruptcy court also found Smyth filed the Adversary Proceeding Complaint for an improper purpose.[9] Improper purpose is determined by an objective standard, and a “court confronted with solid evidence of a pleading’s frivolousness may in circumstances that warmnt it infer that it was filed for an improper purpose.” Townsend, 929 F.2d at 1365 (emphasis added). The bankruptcy court held the Adversary Proceeding Complaint was filed for an improper purpose because it could conceive of no purpose for its filing. This holding, however, was based in part on its erroneous conclusion the Statutory and Breach of Contract claims were frivolous. Accordingly, we remand to the bankruptcy court to determine whether the circumstances warranted an inference the One Action Claim was filed for an improper purpose, given our holding — not known at the time of filing — the Statutory and Breach of Contract claims were not frivolous.
Remand is also necessary for the bankruptcy court to determine the amount of sanctions warranted for filing only the frivolous One Action Claim. Townsend, 929 F.2d at 1367 (“because the district court erroneously believed that it had two reasons to sanction Wright and not just one, we must remand so that the court can consider whether the amount of its award was too high for the offense.”).
B. Suspension for Proof of Claim Objection
Next, we address Smyth v. United States Bankruptcy Court, 05-16409— Smyth’s appeal of the bankruptcy court’s imposition of a six-month suspension from practice in the bankruptcy court based on Smyth’s filing of a frivolous proof of claim objection on Brooks’ behalf. We hold the bankruptcy court did not abuse its discretion in imposing sanctions based on its determination the Proof of Claim Objection was frivolous. We vacate and remand, however, because the court’s determination a suspension was necessary was based, in part, on its imposition of the $10,671 sanction for the Adversary Proceeding Complaint, which we have reversed in part and remanded for further proceedings.
Smyth objected to Oakland’s proof of claim on two bases: (1) although Oakland’s claim was secured, the Chapter 13 Plan did not provide for the payment of any secured claims; accordingly, Oakland’s claim could not be paid; and (2) Oakland’s claim could not be paid as unsecured because Oakland had not filed an unsecured claim. The bankruptcy court did not abuse its discretion in holding the Proof of Claim Objection was frivolous.
First, although the Chapter 13 Plan did not explicitly refer to Oakland’s claim as secured, the Plan specifically provided for payment of Oakland’s claim through the sale or refinancing of Brooks’ real property. Moreover, Oakland was scheduled as a secured creditor in Brooks’ Chapter 13 petition. The bankruptcy court correctly held there is no requirement a plan expressly refer to a claim as secured for a secured creditor to be paid. Oakland filed a timely proof of claim, and the plan pro *661 vides for Oakland’s claim to be paid; accordingly, Oakland was entitled to payment under the plan. See 11 U.S.C. § 1326(c) (“Except as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan.”).
Smyth relied on a footnote in In re Avery, 272 B.R. 718, 723 n. 5 (Bankr. E.D.Cal.2002) which states: “if the plan fails to provide for a secured or priority claim, the claim will not be paid even if the creditor files a proof of claim.” The Avery court, however, was referring to a plan’s failure to provide for a claim at all and thus is inapposite here.
Smyth also relied on Avery in his second contention that Oakland could not be paid as an unsecured creditor because it had not filed an unsecured claim. There was no need for Oakland to file an unsecured claim, however, because it filed a secured claim. Nothing in Avery supports Smyth’s contention Oakland would also have to file an unsecured claim. Avery’s statement that a creditor cannot be paid through a chapter 13 plan unless it files a proof of claim is inapplicable; Oakland did file a proof of claim.
The bankruptcy court was within its discretion in determining no “competent attorney admitted to practice” before it would make such an argument, In re Grantham Bros., 922 F.2d at 1441, and did not abuse its discretion in determining Smyth’s Proof of Claim Objections were frivolous.
Smyth makes a series of arguments the bankruptcy court abused its discretion in imposing a sanction, all of which fail.[10] The court did not abuse its discretion in imposing sanctions where it did not make a finding of bad faith; there is no requirement a court find bad faith to impose sanctions under Rule 9011. Yagman v. Republic Ins., 987 F.2d 622, 628 (9th Cir. 1993).
Smyth’s contention the order to show cause issued by the bankruptcy court failed to give him notice of the charges against him fails. The order to show cause explained in detail the conduct for which the court was considering imposing sanctions. The case upon which Smyth relies, Nuwesra v. Merrill Lynch, Fenner & Smith, Inc., 174 F.3d 87 (2d Cir.1999), actually supports this conclusion. See id. at 92-93 (holding district court orders failed to give adequate notice where the orders failed to list the conduct alleged to be sanctionable).
Further, the bankruptcy court did not abuse its discretion by improperly considering Smyth’s prior misconduct in determining whether to sanction him. It is apparent on the face of the bankruptcy court’s decision that the court considered Smyth’s past misconduct only in determining the appropriate sanction to impose, not whether to impose a sanction at all.
Conclusion
In No. 05-16407, the bankruptcy court’s imposition of sanctions is affirmed in part and reversed in part. The amount of the sanctions award, $10,671, is vacated and remanded for the bankruptcy court to determine whether the One Action Claim was filed for an improper purpose, and for a redetermination of the amount of sanctions.
In No. 05-16409, the bankruptcy court’s order imposing a six-month suspension is vacated and remanded for further proceedings.
*662 Each party shall bear its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The parties are familiar with the facts and procedural history and we recite them only as necessary to the disposition.

. Although the two sanctions cases were not consolidated for purposes of appeal, we address the two together because the facts overlap considerably.

. Rule 9011 states in relevant part: "By presenting to the court ... a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person’s knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, — (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law....” Fed. R. Bankr.P. 9011(b).

. "Because [Federal Rule of Civil Procedure 11] and Bankruptcy Rule 9011 use virtually identical language, we often rely on cases interpreting the former when construing the latter.” Marsch v. Marsch (In re Marsch), 36 F.3d 825, 829 (9th Cir. 1994).

. As discussed infra pp. 658-60, Smyth claimed, under California's "one action" rule, Oakland's liens on Brooks’ real property interest in a warehouse were extinguished when Oakland obtained a writ of possession on the contents of that warehouse (the "One Action Claim”).

. California Code of Civil Procedure § 472d: "Whenever a demurrer in any action or proceeding is sustained, the court shall include in its decision or order a statement of the specific ground or grounds upon which the decision or order is based which may be by reference to appropriate pages and paragraphs of the demurrer....”

. Cal.Civ.Proc.Code § 726(a) states: "There can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property or an estate for years therein, which action shall be in accordance with the provisions of this chapter [covering actions for the foreclosure of mortgages]....”

. At that time, Cal.Civ.Proc.Code § 726 applied to mortgages upon personal property as well as real property. "There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property....” Id.

. Rule 9011 provides as a separate basis for imposing sanctions a finding that a pleading is "presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.”

. Because we vacate the suspension and remand for a redetermination of the type of sanction to be imposed, we do not reach any claims of error as to the type of sanction the bankruptcy court imposed, including whether the bankruptcy court had the authority to suspend Smyth from practice before the entire bankruptcy court.