[Civ. No. 7070. First Appellate District, Division One.—February 25, 1931.]

JOHN F. EDGAR et al., Respondents, v. FRANK CITRARO, Appellant.

Cooley, Crowley & Gallagher for Appellant.

Vincent W. Hallinan for Respondents.

THE COURT.—Plaintiffs, as the parents of Florence Edgar, a minor, brought this action to recover the damages they claimed to have sustained by reason of the injuries their daughter received in a collision between two automobiles driven respectively by the defendants Citraro and Pratt, which occurred at Fifth and Julian Streets in San Jose. The action was consolidated for trial with one brought by John Edgar, a minor, against the same parties and arising out of the same collision, and upon trial before a jury the plaintiffs herein were awarded a verdict against both defendants. The result of the case brought by John Edgar, a minor, does not appear from the record. From the judgment entered in favor of these plaintiffs the defendants have taken separate appeals.

At the time of the collision Florence Edgar was one of several occupants of the Citraro machine. The others were her mother, Mrs. Rose Edgar, her aunt, Mrs. Frances P. Traylen, and her brother John, all of whom, including Florence, brought actions for damages. The actions instituted by Florence Edgar and Mrs. Traylen were tried separately and resulted in verdicts in their favor and against both defendants; and separate appeals were taken from the judgments entered therein, which we have this day affirmed. (*Florence Edgar, a Minor, etc.,* v. *Citraro et al.* (Nos. 6865 and 6867), *ante,* p. 163, *post,* p. 764 [297 Pac. 645, 651], and *Frances P. Traylen* v. *Citraro et al.* (Nos. 6866 and 6868), *ante,* p. 172, *post,* p. 763 [297 Pac. 649, 652].) The evidence in the present case is substantially the same as that adduced in the Florence Edgar case, and all of the essential facts as to the manner in which the accident happened are set forth in the opinion filed therein. As there stated the Citraro car, which was traveling westerly along Julian Street, entered the intersection first and had nearly reached the other side when the Pratt car, which was traveling southerly along Fifth Street, entered the intersection and struck the right rear end of the Citraro car, which overturned twice. Both

cars were traveling across the intersection at a speed exceeding 15 miles an hour, which was in violation of subdivision b, 2, of section 113 of the California Vehicle Act of 1923 (Stats. 1923, p. 553), which was in force at the time of the accident. Consequently both were guilty of negligence as a matter of law, and the court so instructed the jury, the instruction being as follows: ''I instruct you that under the evidence in these cases the defendants are, and each of them is, as a matter of law, guilty of negligence, and the question which you are to determine in each case, before liability can attach to the defendants, and before any question of damage should be considered, is the question of contributory negligence. If Florence Edgar was guilty of contributory negligence, her parents, John F. Edgar and Rose Edgar, cannot recover any damages in the action No. 175,550, in which they are plaintiffs.'' As will be observed, the instruction omits reference to the element of proximate cause, and no other instruction was given upon that subject, although both parties requested that such instructions be given. It is contended, therefore, by both defendants that the failure to give such instructions constituted prejudicial error. ■ As pointed out in the opinion in the Frances P. Traylen case, *supra*, it is well settled that the question of proximate cause, like the questions of negligence and contributory negligence, becomes one of law where the facts are uncontroverted and only one deduction or inference is deducible therefrom (20 R. C. L., p. 148; 45 Cor. Jur., pp. 1320, 1322). ■ And in the present case the evidence shows beyond all reasonable inference to the contrary that the collision resulted from the concurrent negligence of the defendants and that the negligence of each proximately contributed thereto. In this regard Pratt admits that when he was still 30 feet north of the intersection line, traveling at a speed of 25 or 30 miles an hour, he saw the Citraro car enter the intersection and that by applying the brakes with full force at that time he could have stopped his car within a distance of 35 feet, but that he made no effort to so apply his brakes until he reached the intersecting line of Julian Street. He was then only 20 feet distant from the pathway of the oncoming Citraro car, too close to avert a collision therewith. On the other hand, Citraro admits that when he entered the intersection

he looked up Fifth Street and saw the approach of the Pratt car, traveling as he claims at a speed of 45 miles an hour; nevertheless he admits that he neither applied the brakes nor diverted his course, but ''kept going right across Fifth street, picking up speed a little'', as he says, until he was struck by the Pratt machine. Under such circumstances the trial court was justified in concluding as a matter of law that the negligence of each defendant contributed proximately to the happening of the accident, for manifestly, if either had been traveling across the intersection within the statutory speed limit, or had slackened his speed or diverted his course, after seeing the approach of the other, their respective machines would not have reached the same point at the same time, and there would have been no collision. A similar situation was presented in the cases of *Cook* v. *Miller,* 175 Cal. 497 [166 Pac. 316, 317], and *Berges* v. *Guthrie,* 51 Cal. App. 547 [197 Pac. 356, 357], and in the former case the court said: ''If he had not passed to the right of the wagon he would not have struck the automobile. So, also, if the defendant had turned the corner by going to the right of the intersection, his automobile would not have been struck by the motorcycle. The disobedience of the ordinance by both of them brought on this accident. It was the result of their concurrent negligence, the negligence of each was a proximate cause and each contributed to the injury.'' In the latter case, the driver of one of the two cars involved in the collision sued the driver of the other for damages, and on appeal the judgment he obtained was reversed upon the ground that the evidence showed that the negligence of both drivers contributed proximately to the happening of the accident. In this regard the court said: '' . . . if the defendant had not recklessly emerged from behind the street car without waiting to see whether an automobile was approaching from his right, which would have the right of way, he would not have struck the plaintiff. On the other hand, if the plaintiff had slackened his speed upon approaching the crossing, where his view of the road traffic was obstructed by the street car and automobile following it, defendant would have cleared the street before plaintiff reached the point of collision, or plaintiff would have had time and space to turn safely to his right into Twenty-third

street and thus have avoided the accident when he saw the danger impending. It appears, therefore, that the situation here is closely analogous to the facts in the case of *Cook* v. *Miller*, *supra*, and that the disobedience of the ordinance by both plaintiff and defendant brought about the accident, the negligence of each being a proximate cause. Under such circumstances the plaintiff should not recover."

We are of the opinion, therefore, that under the uncontroverted facts of the present case, the court was warranted in holding as a matter of law that the negligence of each defendant contributed proximately to the collision, and that therefore neither defendant is in a position to complain of the refusal of the trial court to instruct the jury upon that element.

■ The court gave the following general instruction upon the doctrine of preponderance of evidence and burden of proof: "In civil cases a preponderance of evidence is required, and by a 'preponderance of evidence' is meant such evidence as, when weighed with that opposed to it, has more convincing force, and from which it results that the greater probability is in favor of the party upon whom the burden rests." It then gave more elaborate instructions upon the same doctrine in connection with the issues of contributory negligence. The defendant Pratt claims that the instruction above quoted was erroneous in that it did not adequately inform the jury that the burden of proving plaintiffs' case by a preponderance of evidence was upon the plaintiffs. We think that under the circumstances the instruction was adequate because, as already shown, under the evidence, the main issues of negligence and proximate cause became questions of law.

■ Nor are we able to sustain defendant Pratt's complaint regarding instruction IX as given by the court for the reason that any omission in said instruction was covered by instruction XII relating to the same subject. (See transcript No. 6905.) The remaining points urged by both defendants are discussed and determined in the Florence Edgar and Frances P. Traylen cases, *supra*.

In conclusion it may be stated that although the evidence was substantially the same in all three of the jury cases, the trial court appears to have instructed differently in each case in this regard: In the first case, brought by Flor-

ence Edgar, the jury was instructed that Pratt was guilty of negligence as a matter of law, and the question of Citraro's negligence was left for the jury to determine. It also gave instructions upon the doctrine of proximate cause. In the second case, brought by Frances P. Traylen, it instructed the jury that both defendants were guilty of negligence as a matter of law, and it also gave certain instructions upon the doctrine of proximate cause. And in the present case it likewise instructed that both defendants were guilty of negligence as a matter of law, but it refused to give any instructions upon the doctrine of proximate cause. Notwithstanding this unusual condition, a reversal is not warranted in any of the cases, in our opinion, for the reason that the evidence in the first two cases would have been legally sufficient also to justify the trial court in holding, as it did in the present case, that both defendants were guilty of negligence as a matter of law, and that the negligence of each contributed proximately to the happening of the accident.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 27, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 23, 1931.