[Civ. No. 11813.   First Dist., Div. Two.   Mar. 27, 1942.]

ANTONE F. SILVA et al., Appellants, v. MARKET STREET RAILWAY COMPANY (a Corporation) et al., Respondents.

798

Vincent W. Hallinan, Emmett R. Burns and James A. Himmel for Appellants.

Wm. M. Abbott, Cyril Appel and Ivores R. Dains for Respondents.

DOOLING, J. pro tem.—This is an appeal from a judgment for defendants entered notwithstanding the verdict of a jury in favor of the appealing plaintiffs. The appeal is presented by bill of exceptions and respondents claim that this court cannot consider the sufficiency of the evidence because the bill contains no specification wherein the evidence is insufficient to support the decision. ▮ The rule is settled in this state that an error in granting a nonsuit is an error of law which may be reviewed on appeal from the judgment when presented by bill of exceptions without any specification of insufficiency of the evidence in the bill (*Donahue* v. *Gallavan*, 43 Cal. 573, 574; *Hammond* v. *Wallace*, 85 Cal. 522 [24 Pac. 837, 20 Am. St. Rep. 239]; *Barfield* v. *South Side*

*Irr. Co.,* 111 Cal. 118 [43 Pac. 406] ; *Martin* v. *Southern Pacific Co.,* 150 Cal. 124 [88 Pac. 701] ; *Beeson* v. *Schloss,* 183 Cal. 618 [192 Pac. 292] ; *Western Calif. L. Co.* v. *Welch,* 41 Cal. App. 435 [183 Pac. 169].) An appeal from a judgment notwithstanding the verdict presents the identical question which is presented by an appeal from a judgment of nonsuit (*Ferran* v. *Southern Pacific Co.,* 3 Cal. (2d) 350 [44 Pac. (2d) 533] ; *Card* v. *Boms,* 210 Cal. 200 [291 Pac. 190]) and if the one presents only an error of law which may be inquired into without a specification of insufficiency so must the other. The dictum of this court in *Fuchs* v. *Southern Pacific Co.,* 5 Cal. App. (2d) 409 [42 Pac. (2d) 704], stating a contrary conclusion, was announced without a consideration of the cases above cited. Nor is the objection open to respondents that the bill shows no exception to the judgment *non obstante,* since section 647, Code of Civil Procedure, provides that "the final decision in an action or proceeding . . . (is) deemed to have been excepted to." (*Beeson* v. *Schloss, supra,* p. 622.)

Appellants are the mother, father and sister of Joseph Thomas Silva, who was driving the automobile at the time of the collision out of which this action grows. The automobile belonged to the father, Antone F. Silva. Some space is devoted in the briefs to the question whether the negligence, if any appeared, of the driver would be imputed to the three plaintiffs. Since the submission of the case the Supreme Court has decided the case of *Milgate* v. *Wraith,* 19 Cal. (2d) 297 [121 Pac. (2d) 10]. Under the authority of that decision the negligence, if any, of the driver would be imputed to Antone F. Silva as owner of the car and the cause of action of his wife, Louise Silva, would apparently be subject to the same defense. (3 Cal. Jur. 10-Yr. Supp., pp. 542, 543.) This defense would not apply to Marie Silva who, from the evidence, was a mere guest and neither had any control over the driver nor interest in the automobile in which she was riding.

In considering an appeal from a judgment of this character we have only to inquire whether there is any substantial evidence in the record which, giving it the most favorable interpretation that it will reasonably bear and drawing from it all favorable inferences, will support the verdict of the jury. (*Ferran* v. *Southern Pacific Co., supra.*) The automobile in which plaintiffs were riding was on the evening of the

collision proceeding northerly on Potrero Avenue in San Francisco. Potrero Avenue is crossed by Sixteenth Street. Potrero Avenue is a boulevard street and there is a regulation "stop sign" near the westerly property line of Potrero Avenue on Sixteenth Street. As the driver of the automobile approached Sixteenth Street and when he was about five or six feet south of the south curb line he looked to his left and saw the street car operated by defendants a few feet back of the stop sign on Sixteenth Street. It was then in motion. There was no other traffic coming from his left and the driver turned his gaze to his right to look for traffic from that direction and proceeded into the intersection at a speed of fifteen to twenty miles per hour without again looking to his left. When he was crossing the eastbound track of the Market Street Railway he heard his sister scream and almost immediately the street car struck the automobile in the neighborhood of its rear left wheel. The father's testimony was substantially the same, and the sister testified that from the time they reached the curb line she was watching the street car and it made no stop.

From this evidence the jury was entitled to conclude that the street car was not stopped at the intersection and that the collision was proximately caused by this violation of law. (2 Cal. Jur. 10-Yr. Supp., p. 349.) They were likewise entitled to find that the driver of the automobile was not guilty of negligence. It would be at least a question of fact whether the driver, seeing the car approaching a stop sign, and in reliance upon its duty to stop taking his eyes from it to look for traffic in the other direction, was guilty of negligence in so doing. In *Inouye* v. *McCall*, 35 Cal. App. (2d) 634 at 638 [96 Pac. (2d) 386], the court said:

"Upon this testimony we cannot assume that deceased was negligent. He had a right to believe the driver of the truck would obey the law and stop at the arterial and yield to him the right of way."

Nor can any of the plaintiffs be held negligent as a matter of law. The extent of the duty of a passenger "depends upon the particular circumstances of each case and is a question for the jury." (*Wagner* v. *Atchison etc. Ry. Co.*, 210 Cal. 526, 528 [292 Pac. 645]; *Dowd* v. *Atlas Taxicab etc Co.*, 187 Cal. 523, 529, 530 [202 Pac. 870].)

Respondents make an elaborate argument based upon testimony of the plaintiffs and their driver and the distances

traveled by the automobile and street car from the time that the street car was first seen by the occupants of the automobile and the physical facts of the accident in an attempt to demonstrate that the plaintiffs' theory of the accident is inherently impossible. We have considered this argument carefully and are not convinced by it. The argument depends upon estimates of the speed of the automobile and the positions of the moving car and moving automobile at the time the car was first observed as testified to by plaintiffs and their driver. Such testimony cannot be mathematically accurate and a few feet or a few miles per hour one way or the other would completely change the result of any such calculation. Applying the same test to defendant Wimmer's testimony the same sort of argument could be as plausibly made by plaintiffs, since Wimmer testified that the automobile traveling at the rate of thirty miles per hour skidded into the front of the car and "the body of the automobile pressed itself right up against the corner of the street car" and stopped.

Respondents complain that a map used to illustrate the testimony of the witnesses was not included in the bill of exceptions. Since all of the testimony that we have quoted is clearly intelligible without reference to the map and is sufficient to show that the verdict of the jury was supported by substantial evidence, and since no amount of contradiction in the testimony could affect the result of this appeal, the record presented was sufficient to show the error complained of.

The case was one in which the evidence preponderated in favor of defendants; but that cannot be made the justification for a judgment *non obstante*. The trial judge has ample power to correct what may appear to him to be an unjustified verdict upon motion for new trial, but he cannot make a judgment *non obstante* serve the same purpose where there is any substantial evidence to support the verdict. (*Ferran* v. *Southern Pacific Co., supra*, p. 353.)

The judgment is reversed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing was denied April 25, 1942, and respondents' petition for a hearing by the Supreme Court was denied May 25, 1942.