[Civ. No. 12209.   First Dist., Div. Two.   Oct. 21, 1942.]

GRACE AMBRA, Appellant, v. STEWART WOOLSEY et al., Respondents.

J. Maxwell Peyser for Appellant.

Clark & Heafey for Respondents.

DOOLING, J. pro tem. — In this action for wrongful death the trial court, sitting without a jury, entered judgment for defendant. The decedent was riding in an automobile driven by one Bufardeci which was struck by an automobile driven by defendant Stewart Woolsey. The trial court found that the collision and resultant death were solely and proximately caused by the negligence of Bufardeci, and that defendant Woolsey was guilty of no negligence proximately contributing thereto.

While stated in different ways the only substantial claim of appellant is that under the evidence defendant Woolsey was guilty of negligence as a matter of law and that such negligence was a proximate cause of the fatal collision.

Taking the evidence most favorable to defendant Woolsey, he was driving eastward on San Antonio Road in Santa Clara County at a speed of 35 to 40 miles per hour, approaching its intersection with Charleston Road. At that intersection traffic on San Antonio Road was protected by boulevard stop signs on Charleston Road. Some distance back of the intersection defendant Woolsey saw a sign reading ''Caution—Intersection,'' but he did not slacken his speed. Passengers in the Woolsey car saw the Bufardeci car being driven

northerly on Charleston Road at a speed of 55 or 60 miles per hour when it was 300 or 400 feet from the intersection. As it approached the stop sign its speed was reduced to forty miles per hour, but it did not stop and continued into the intersection at 40 miles per hour. One of the passengers in the Woolsey car on cross-examination gave the following answer to the following question:

"Q. Didn't you think the condition was such that you should warn the driver to be careful? A. No, sir, because as the car approached the intersection it slowed down. I naturally assumed they were going to stop."

Defendant Woolsey did not see the Bufardeci car until it was 25 or 30 feet from the intersection. From that point it continued at a speed of 40 miles per hour into the intersection directly in front of the Woolsey car and was struck by it in the side.

Appellant cites many cases having to do with collisions in intersections which are not guarded by stop signs, and applying the familiar rule that the first automobile to enter the intersection has the right of way. Such cases have no application to a collision in an intersection where one of the two highways is a boulevard protected from traffic on the other by stop signs. In such a situation the driver on the boulevard has a right to assume that the driver on the intersecting highway will obey the stop sign and yield him the right of way. (*Lindenbaum* v. *Barbour*, 213 Cal. 277 [2 P.2d 161]; *Gritsch* v. *Pickwick Stages System*, 131 Cal.App. 774 [22 P.2d 554].; *Inouye* v. *McCall*, 35 Cal.App.2d 634 [96 P. 2d 386]; *Silva* v. *Market Street Ry. Co.*, 50 Cal.App.2d 796 [123 P.2d 904].)

In *Gritsch* v. *Pickwick Stages System, supra,* this court said at pages 780-781:

"Cases in other jurisdictions involving boulevards and 'arterial highways' recognize the general principle that the purpose of creating these through highways is to facilitate traffic upon them and to that end the state may delay all traffic entering into such highways in order that those traveling upon the through highways may have a preferred right of way. [Citing cases.]

"From the Keir case [*Keir* v. *Trager*, 134 Kan. 505 (7 P.2d 49, 81 A.L.R. 181)] we quote the following language, which is particularly applicable to the case here: 'The appellee was acting wholly within her rights in assuming that the appel-

lants would stop before entering the highway, and she cannot be charged with negligence in acting on such assumption. She can only be charged with negligence under such circumstances from the time that she had knowledge that the appellants intended to disobey the stop sign and enter upon the highway. After she had such knowledge, she was bound to use the care of an ordinary, prudent person.' "

It is not disputed that from the time the Bufardeci car passed the stop sign until the time of collision at the speed the two automobiles were going not over two seconds elapsed. During that interval there is testimony that defendant Woolsey put on his brakes and swerved in an attempt to avoid the collision. It certainly cannot be said under these circumstances that the evidence was such as to support no other finding than one of negligence on defendant Woolsey's part.

Judgment affirmed.

Nourse, P. J., and Spence, J., concurred.