[Civ. No. 18190. Second Dist., Div. Two. Mar. 23, 1951.]

ALYCE FLANNERY, Respondent, v. ROBERT A. KOCH et al., Appellants.

Parker, Stanbury, Reese & McGee, Harry D. Parker, Early, Maslach, Foran & Tyler, Robert E. Early and John B. Connolly for Appellants.

French & Indovina and F. Walter French for Respondent.

WILSON, J.—Two automobiles driven by defendants collided causing the death of one Audrey Flannery who was a guest in the car operated by defendant Liberto. This action, which was brought by the mother of Audrey for the wrongful death of her daughter, resulted in a verdict and judgment against defendants, both of whom have appealed.

Fourteenth Street is a public highway extending northerly and southerly in the city of Santa Monica and is crossed by Carlyle Avenue at right angles. Fourteenth Street is a through highway. (Veh. Code, § 82.5.[1]) Stop signs are located as authorized by section 471 of the Vehicle Code at the northeast and southwest corners of the streets. The accident occurred after dark. Defendant Koch was driving at a speed of about 25 miles an hour southerly on 14th Street. Miss Liberto was driving at between 25 and 30 miles an hour westerly on Carlyle Avenue. Koch was alone in his car; Miss Liberto was driving a single-seated coupé and had in the seat with her four girl friends as passengers. The evidence is uncontradicted that Miss Liberto's vision was not obscured by her passengers. When she entered Carlyle at 16th Street one of her passengers stated that Carlyle was a dangerous street. As she approached 15th Street she sounded her horn, slowed down and changed into second gear, crossing the street at about 15 miles an hour. As she proceeded

---

[1]Section 82.5 reads: "A 'through highway' is a highway or portion thereof at the entrance to which vehicular traffic from intersecting highways is required by law to stop before entering or crossing the same, and when stop signs are erected as provided in this code."

toward 14th Street one of her passengers said, "There is a boulevard stop sign there." Miss Liberto testified she did not see the stop sign until the front of her car "was just about up to it." At about the same time she saw the headlights of Koch's automobile; she immediately put her foot on the brake pedal and when she found she could not stop her car she stepped on the accelerator in an attempt to clear the intersection ahead of Koch's car.

As Koch approached the intersection, at about a point 50 feet north of the line of Carlyle, he observed the Liberto car and when it appeared that the latter car was not making the boulevard stop he immediately applied his brakes, leaving skid marks 25 and 27 feet in length, respectively. The cars collided at about the center of the intersection.

### The Liberto Appeal

Since the decedent was a guest in Miss Liberto's car plaintiff cannot recover unless she has established that the death "proximately resulted from the intoxication or wilful misconduct" of Miss Liberto. (Veh. Code, § 403.[2]) Inasmuch as there is no evidence of intoxication plaintiff's case must rest entirely upon a showing of wilful misconduct, which has been defined as "intentionally doing something in the operation of a motor vehicle which should not be done or intentionally failing to do something which should be done under circumstances disclosing knowledge, express or to be implied, that an injury to a guest will be a probable result." (*Turner* v. *Standard Oil Co.*, 134 Cal.App. 622, 626 [25 P.2d 988]; *Stewart* v. *Kelly*, 68 Cal.App.2d 122, 127 [155 P.2d 850]; *Mish* v. *Brockus*, 97 Cal.App.2d 770, 773 [218 P.2d 849].) "The mere failure to perform a statutory duty is not, alone, wilful misconduct." (*Stewart* v. *Kelly. supra,* p. 126.)

Hence Miss Liberto's failure to stop before entering 14th Street did not constitute wilful misconduct as defined in the cases above cited and in many others in which the subject has been considered. When she ascertained that she could not stop her car she then endeavored to avoid a colli-

[2]Section 403 reads: "No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of such vehicle or against any other person legally liable for the conduct of such driver on account of personal injury to or the death of such guest during such ride, unless the plaintiff in any such action establishes that such injury or death proximately resulted from the intoxication or wilful misconduct of said driver."

sion by accelerating her speed in an attempt to cross ahead of Koch's car. While this was an error of judgment and in an applicable case might be construed as negligence, it is not wilful misconduct. Paraphrasing *Meek* v. *Fowler,* 3 Cal.2d 420, 426 [45 P.2d 194], Miss Liberto's attempt to cross the intersection in advance of the Koch car was the result of her conclusion, mistaken though her judgment may have been, that she could safely cross 14th Street before the arrival of the other car. Upon the record it cannot be said that she proceeded in utter disregard of, or that she was utterly indifferent to, the rights of her guests. While her judgment under the circumstances confronting her may have been poor, it does not appear that she was wantonly reckless in exposing her guests to danger, nor did her conduct partake of a wilful, intentional wrong.

The cases relied on by plaintiff are not in conflict with those above cited. For example, in *Allen* v. *Robinson,* 85 Cal.App. 2d 617 [193 P.2d 498], the driver of the car previously to the accident, against his passenger's remonstrance, had been racing with another car at a speed of from 45 to 50 miles an hour. Later, as they approached a red light his passenger requested him to slow down and he disregarded the warning until he almost struck a car ahead. Thereafter he drove at an excessive speed and "whipped around" other cars. He entered an intersection at 35 miles an hour and collided with another car. Obviously such a case is not applicable to the facts now before us. Other cases cited by plaintiff are equally inapplicable.

### The Koch Appeal

The action against Koch depends upon whether the evidence sustains the charge of negligence against him. We approach this branch of the case under the familiar rules that an appellate court will not weigh evidence, that it must view the evidence in the light most favorable to the successful litigant, and that questions of negligence and proximate cause are ordinarily questions of fact which, when determined by the trial court, will not be disturbed if there is any evidence of a substantial character to support the judgment. ▇ However, if there is no substantial evidence to support the findings and judgment the reviewing court will reverse. (*Osgood* v. *City of San Diego,* 17 Cal.App.2d 345, 352 [62 P.2d 195] ; *Chase* v. *Jonkey,* 12 Cal.App.2d 365, 368 *ff.* [55 P.2d 1229].)

▇ When there is no substantial conflict in the evidence and negligence or the absence of negligence is apparent from

the record as a matter of law, the reviewing court has power so to declare and to determine the related issues accordingly. (*Huetter* v. *Andrews,* 91 Cal.App.2d 142, 145 [204 P.2d 655] ; *Edgar* v. *Citraro,* 112 Cal.App. 178, 180 [297 P. 654].)

 Applying the foregoing rules, the judgment against Koch must be reversed since we do not find in the record any evidence of negligence on his part. He was driving at a lawful speed on a through street protected by stop signs; he was familiar with the street and knew the stop signs were located at the intersection of Carlyle Avenue; he had the right to assume that cars, including that of Miss Liberto, would stop before entering the through highway and would yield the right of way to him. (*Inouye* v. *McCall,* 35 Cal.App. 2d 634, 638 [96 P.2d 386] ; *Silva* v. *Market Street Ry. Co.,* 50 Cal.App.2d 796, 800 [123 P.2d 904].) Upon observing that the Liberto car was not stopping he applied his brakes sufficiently to lock the wheels. Plaintiff asserts that he should have swerved his car to the right or to the left in an effort to avoid the collision. Since the time available for the exercise of his judgment was only a fraction of a second he cannot be charged with negligence because of his failure to determine in which direction he should have turned. If he had turned to the right and the Liberto car had continued on its course, as it did, a collision was inevitable; if he had turned to the left and Miss Liberto's car had suddenly stopped he would have struck her car broadside.

Viewing the entire record in the light most favorable to plaintiff, we do not find any evidence of negligence on the part of defendant Koch.

Judgment reversed as to both defendants.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied April 9, 1951, and respondent's petition for a hearing by the Supreme Court was denied May 22, 1951. Carter, J., voted for a hearing.