[Civ. No. 8014.   Third Dist.   Jan. 21, 1952.]

JACOB HUYCK, Respondent, v. JACK M. MERRITT, Appellant.

Honey & Mayall for Appellant.

Miller, Kroloff & Brown and Harvey Hakeem for Respondent.

ADAMS, P. J.—This is an appeal by defendant Jack M. Merritt from a judgment for plaintiff Jacob Huyck against Merritt and Lambert Lapacek in an action to recover damages for personal injuries received by Huyck in a collision between an automobile driven by Merritt and one driven by Lapacek, in the latter of which plaintiff was a passenger for hire. A jury before which the case was tried gave judgment for plaintiff against both Merritt and Lapacek. The latter has not appealed.

The accident occurred about 11 p. m. on July 19, 1949, at the intersection of Bay Shore Boulevard and Harbor Road in Redwood City, San Mateo County. The intersection was in a 55-mile zone, and traffic at that point was controlled by signals. Bay Shore Boulevard, upon which both automobiles were traveling, is a north-south highway divided into four traffic lanes and accommodates fast traffic, being characterized as a "speedway."

Huyck, who lived in Contra Costa County, was employed near Redwood City where Lapacek, who also lived in San Pablo, was likewise employed. On the night of the accident Lapacek and Huyck were proceeding south on the Bay Shore Boulevard while Merritt was proceeding north, bound for San Francisco. Lapacek was on the inside or left half of his lane of traffic, and Merritt was on the inside half of his lane of traffic. As Lapacek neared the intersection of Bay Shore Boulevard with Harbor Road he slowed up and paused at a signal a short distance north of the intersection, intending at that point to make a left hand turn across Merritt's lane of traffic in order to reach his destination on Harbor Road. Merritt, at the time, was driving his Cadillac car at a rate of speed estimated to be between 45 and 50 miles an hour, and as he neared the intersection where the accident occurred he confronted a green light. From his own testimony he saw

Lapacek's car pause at the signal on the opposite side of the intersection but did not reduce his speed. Lapacek, after his pause, made to allow a car ahead of Merritt's to pass, proceeded ahead at approximately 15 miles an hour and then turned to the left across Merritt's lane of traffic, with the result that his car was struck by Merritt's car and the injuries for which Huyck sought recovery were sustained by him.

Merritt bases his ground for reversal of the judgment against him on the ground that there is no evidence that he contributed proximately to the cause of the accident; and upon what he claims are reversible errors on the part of the trial judge in refusing two instructions proposed by him.

The negligence of defendant Lapacek is conceded, and the only problem for our solution is whether his negligence was the sole proximate cause of the accident or whether there was, likewise, negligence on the part of Merritt which proximately contributed to the collision. The verdict of the jury implies that they concluded that both Lapacek and Merritt were negligent and that negligence on the part of each proximately contributed to the accident. If there is substantial evidence to show such negligence on the part of Merritt, this court is bound by the verdict and judgment; and the evidence must be viewed by us in the light most favorable to the judgment.

Merritt's testimony, taken by plaintiff under section 2055 of the Code of Civil Procedure, shows that he saw Lapacek's car approaching at a time he (Merritt) was a few hundred feet back of the intersection—perhaps 600 or 700 feet; that Lapacek might have been at the light on the opposite side of the intersection, either stopped or barely moving; that when Lapacek was stopped at the light Merritt was 400 or 500 feet back; that Lapacek stopped long enough to permit the car ahead of Merritt to go by, then turned in front of Merritt; that he (Merritt) did not reduce his speed until Lapacek started to turn in front of him; that he kept his eye on Lapacek's car. Merritt was familiar with the intersection, it was well lighted, his car was in excellent condition with adequate brakes, the road was dry and visibility was good. Lapacek testified that he signaled for a left hand turn, and that was not denied.

From the foregoing testimony the jury may have inferred that when Lapacek stopped at the intersection and paused to let the car ahead of Merritt go by he thus indicated that he did not intend to proceed southward on Bay Shore Boulevard but intended to turn left, and that Merritt should

have anticipated that Lapacek intended to make such a turn, and should have decreased his speed to avoid hitting him; and that in failing to do so he was negligent.

Merritt interposed a motion for a new trial, asserting as one of the grounds therefor that the evidence was insufficient to justify the verdict against him; and the denial of such motion indicates that the trial court, which heard the witnesses, was satisfied that the verdict found support in the evidence.

Appellant cites and relies upon *Flannery* v. *Koch,* 103 Cal. App.2d 55 [228 P.2d 580], but the facts in that case were different, for appellant there had the right of way, the driver of the other car having driven through a stop sign when she entered appellant's lane of traffic. He also cites *Bingham* v. *Greenamyer,* 25 Cal.App.2d 467 [77 P.2d 867] and *Sinclair* v. *Harp,* 18 Cal.App.2d 167 [63 P.2d 876], but they likewise are distinguishable on the facts.

We cannot say that the evidence shows that Merritt was without negligence or that his negligence did not proximately contribute to the collision.

Appellant's requested instruction regarding unavoidable accident, the failure to give which he urges constitutes reversible error, reads:

"In law we recognize what is termed an unavoidable or inevitable accident. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote an accident that occurred *without having been proximately caused by negligence.* Even if such an accident could have been avoided by the exercise of exceptional foresight, skill or caution, still, no one may be held liable for injuries resulting from it." (Italics ours.)

It is not applicable here where the jury found negligence on the part of both parties, and Lapacek's negligence is conceded.

In *Temple* v. *De Mirjian,* 51 Cal.App.2d 559 [125 P.2d 544], relied upon by appellant, the testimony showed that defendant was unable to control the direction of his vehicle because the steering gear was inoperable. In the instant case there was no evidence of lack of control of his car by either Lapacek or Merritt, and the case is clearly distinguishable from *Temple* v. *De Mirjian.*

As was said in *Burke* v. *John E. Marshall, Inc.,* 42 Cal.App.2d 195, 205 [108 P.2d 738], an instruction as to unavoidable accident is properly refused where there is no evidence warranting a finding of such accident. Also see statement of the rule as set forth in *Guay* v. *American Presi-*

*dent Lines, Ltd.,* 81 Cal.App.2d 495, at pages 513-514 [184 P.2d 539].

Appellant also requested the giving of the following instruction, which was refused on the ground that the substance of it was given:

"At the time of the happening of the accident in question, Section 551 of the Vehicle Code of the State of California, provided as follows:

" '*Vehicle Turning Left at Intersection.*

" '(a) The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.

" '(b) Said driver turning left having so yielded and having given a signal when and as required by this code may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right of way to the driver making the left turn.'

"A violation of the above statute constitutes negligence as a matter of law. Therefore, if you find from a preponderance of the evidence that the driver of the car in which the plaintiff was riding at the time and place of the accident in question violated this law, then he was guilty of negligence, and if such negligence was the sole proximate cause of the happening of the accident in question and the injuries sustained by the plaintiff, then the plaintiff is not entitled to recover damages from Defendant JACK M. MERRITT in this action, and your verdict must be in favor of the Defendant JACK M. MERRITT."

The instruction given reads:

"At the time of the happening of the accident in question, Section 551 of the Vehicle Code of the State of California, provided as follows:

" 'Vehicle turning left at intersection. (a) The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.

" '(b) Said driver turning left having so yielded and having given a signal when and as required by this code may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right of way to the driver making the left turn.'

"You may ask yourself the question: When is a vehicle so close to an intersection as to constitute an immediate hazard?

"The answer is that the vehicle is that close whenever, if a reasonably prudent person were in the position of the driver intending to make a left turn, he would apprehend the probability of an accident were he then to attempt crossing the path of the approaching vehicle.

"When the law says that one person has a right of way over another, its purpose simply is to establish a practical basis for necessary courtesy on the highway, and its meaning is that when at any given moment of time, two persons, neither of whom then occupies the space in question, desire to proceed into the same place on the highway, one of them shall yield. The other has the privilege of the immediate use of the space in question. That privilege is his right of way.

"Failure to yield to one to whom the law has given the right of way is negligence."

Another instruction given reads:

"In this case the drivers of two vehicles are named as defendants, namely, Lambert Lapacek, the driver of the automobile in which plaintiff was riding and Jack M. Merritt, the driver of the other automobile involved in the accident. You are instructed that although both of these parties have been sued, it is not necessary that you render the same judgment as to both defendants. If you find that one of these defendants was guilty of negligence proximately causing the accident in question and that the other defendant was not, then your verdict, if it be for the plaintiff, shall be against the negligent defendant and in favor of the defendant free from negligence."

It is well established that a trial court is not required to state all the law applicable to a case, in a single instruction. If the charge as a whole fairly states the law, that is sufficient. The charge here meets that test.

The judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.