[Civ. No. 18564.   Second Dist., Div. Three.   Feb. 15, 1952.]

YVONNE SHIVERS, a Minor, et al., Appellants, v. W. E. VAN LOBEN SELS et al., Respondents.

Melvin Simon and Jacob Chaitkin for Appellants.

Schell & Delamer for Respondents.

VALLÉE, J.—Appeal by plaintiffs from a judgment entered on a verdict for defendants in an action for damages (1) for personal injuries sustained by Yvonne Shivers, a minor, and (2) for the wrongful deaths of Roberta Shivers, Appolis Lindsay and Odee Lindsay, children of plaintiffs Norman E. Shivers and Jairlean Lindsay, respectively, as a result of a collision between a truck and trailer driven by defendant White and a Pontiac driven by Roscoe J. Shivers. Yvonne Shivers and the three decedents were guests in the Pontiac. Plaintiffs moved for a new trial, which was denied.

The driver of the Pontiac, Roscoe J. Shivers, was also killed in the accident and an action for damages for his wrongful death was also filed against defendants. It was consolidated for trial with appellants' action, and likewise resulted in a verdict for defendants. No appeal was taken in that action.

The accident occurred on February 22, 1949, about 3:45 p. m., on Highway 138 where it is intersected by 132d Street East. The intersection lies approximately one fourth of a mile east of Pear Blossom, California, between Palmdale and Victorville. Highway 138 runs approximately in an easterly-westerly direction, is 22 feet wide, and is a through highway. (Veh. Code, § 82.5.) 132d Street East runs in a northerly-southerly direction, starts to fork to the north about 180 feet south of, and ends at, Highway 138. The easterly fork continues in a straight course and intersects 138 at right angles. The westerly fork curves northwesterly for about 240 feet until it intersects 138 at a point approximately 140 feet west of the eastern fork. The two forks and 138 form a triangle. A boulevard stop sign is located on each of the forks of 132d Street East, just south of where they intersect 138.

Appellants' principal contention is with respect to the sufficiency of the evidence to support the implied finding of the jury that defendant White was not guilty of negligence proximately contributing to the happening of the accident and, in effect, they seek to have this court declare that under the evidence White was guilty of negligence as a matter of law.

Having in mind the familiar principles that a reviewing court will not weigh the evidence and that questions of negligence and proximate cause are ordinarily questions of fact, the determination of which will not be disturbed if there is any substantial evidence to support the verdict, we state the facts in the light most favorable to the prevailing parties.

Defendant White was operating an empty tractor, semi-trailer and pull trailer, owned by defendant Van Loben Sels, in an easterly direction on 138. The vehicles were equipped with air brakes in good condition. White knew he was traveling on a through highway protected by stop signs. He had traveled over this highway but three weeks before the accident. It was a clear day and visibility was good. There was no traffic on 138. As he neared the outskirts of Pear Blossom, White shifted his equipment into fourth direct gear and remained so up to the time of the accident. His maximum speed in fourth direct gear was 32 to 34 miles an hour. White testified he was traveling at this rate of speed when he was about 600 feet west of the point of the accident, although "it may have dropped down some" because of a small grade in the highway, and that he maintained this speed until the time of the collision. He also testified that when he was about 600 feet from the intersection he knew he was approaching an intersection because of road signs, but he did not actually see the pavement of the intersecting road nor did he make any observation as to traffic on it until he was about 30 to 35 feet west of its westerly edge. At the time White saw the pavement of the intersecting road he saw the Pontiac for the first time. It was traveling in a northerly direction on the westerly fork of 132d Street East, about 60 to 80 feet south of the south line of 138, and was traveling at a speed of 35 to 40 miles an hour. He testified that the Pontiac did not stop before entering the highway, but, contrary to the testimony of plaintiff Yvonne Shivers, swerved to its right off the paved portion of 132d Street East and cut across the northwesterly end of the triangle; he was about 20 to 25 feet from the Pontiac when he realized he was going to hit it, and immediately applied his brakes; the Pontiac was practically "right in front" of him when it was hit broadside on its left. It was "just a matter of seconds" from the time White first saw the Pontiac until the time of the collision.

There is a conflict as to the actual point of the impact. There was evidence which placed it somewhat east of the easterly

boundary of the westerly fork of 132d Street. Since the jury must have determined that this was the point of impact, and in view of the fact that the Pontiac was hit broadside, it was justified in concluding that the driver of the Pontiac cut across the northwesterly end of the triangle to the point of impact, and without any regard whatsoever for any eastbound traffic upon 138 failed to make the required stop; and that the collision and the resultant injuries and deaths were solely and proximately caused by the negligence of the driver of the Pontiac.

White was driving his equipment at a lawful rate of speed. The brakes on his equipment were in good condition. ■ He knew he was traveling on a through highway protected by stop signs. Under these circumstances, he had a right to assume that a driver on a street intersecting the through highway would obey the stop signs and yield the right of way. In making such assumption, White was acting wholly within his rights, and he cannot be charged with negligence in acting thereon. He can only be charged with negligence under such circumstances from the time he had knowledge, or in the exercise of ordinary care should have known, that the Pontiac was going to disregard the stop sign and enter the highway. After such knowledge, he was bound to use the care of an ordinary prudent person. (*Ambra* v. *Woolsey,* 55 Cal.App.2d 104, 106 [130 P.2d 152]; *Flannery* v. *Koch,* 103 Cal.App.2d 55, 59 [228 P.2d 580]; *Gritsch* v. *Pickwick Stages System,* 131 Cal.App. 774, 781 [22 P.2d 554]; *Silva* v. *Market St. Ry. Co.,* 50 Cal.App.2d 796, 800 [123 P.2d 904]; *Inouye* v. *McCall,* 35 Cal.App.2d 634, 638 [96 P.2d 386].) ■ Whether a person exercises the required degree of care is ordinarily one for the jury. ■ Whether White, as an ordinary prudent person, should have reduced his speed, should have seen the Pontiac before he did and realized sooner that it was not going to make the required stop, or should have done any other act that an ordinary prudent person would have done under the circumstances, were questions addressed to the jury. It was but a matter of seconds from the time White first saw the Pontiac and realized it was not going to stop to the time of the collision. He immediately applied his brakes in an effort to avoid hitting the Pontiac. It cannot be said under the circumstances that White was guilty of negligence as a matter of law.

Appellants claim that certain instructions were confusing and erroneous. The court gave a total of 67 instructions—35 at the request of appellants, 17 at the request of defendants, eight at the request of both appellants and defendants, one on its own motion, and six at the separate request of the plaintiff in the consolidated case. No doubt the principles of law applicable to each of the consolidated cases could well have been stated in a few simple, readily understandable instructions. ■ All principles of law applicable to the case were fully covered. It cannot be said that because appellants' case was consolidated with that of the deceased driver of the Pontiac, the jury was misled with respect to the instructions on contributory negligence applicable only to the latter. By its verdict the jury impliedly found that White was not negligent and that the sole and proximate cause of the accident was the negligence of the driver of the Pontiac. ■ Plaintiffs also claim the court erred in not giving an instruction requested by them on the subject of concurrent negligence of two or more persons (Cal. Jury Instructions (Civil) 104-B). There was no error. The subject was covered by another instruction given at the request of plaintiffs (Cal. Jury Instructions (Civil) 104-A).

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied March 11, 1952, and appellants' petition for a hearing by the Supreme Court was denied April 13, 1952.