[Civ. No. 18875.   Second Dist., Div. Three.   Aug. 7, 1952.]

THELMA G. CARR, Individually and as Administratrix, etc., Appellant, v. ROBERT WILLIAM HOLTSLAN-DER et al., Respondents.

Kenneth Sperry for Appellant.

Albert N. Minton for Respondents.

SHINN, P. J.—W. W. Carr and Thelma C. Carr, husband and wife, brought this action against Robert William Holtslander and others for damages resulting from a collision between an automobile driven by Mr. Carr, in which Mrs. Carr also was riding, and a car driven by defendant Holtslander. Mr. Carr departed this life before the trial and Mrs. Carr was substituted in his stead as administratrix of his estate. In a trial to the court judgment was for the defendants, and Mrs. Carr appeals individually and as administratrix. We shall refer to Holtslander as defendant. The respondent's brief is filed on behalf of the estate of defendant Brown, deceased.

Pacific Coast Highway is a north and south six lane highway extending southerly from Long Beach to and beyond Laguna Beach. It is intersected by 7th Street which extends easterly from the highway at an angle some 20 degrees south of east. At about midnight Mr. Carr was driving north on the highway in the inside of the three easterly lanes. Holtslander was driving south in his inside lane. The cars were lighted and the night was clear and dry. Holtslander made a left turn at 7th Street and when his car was in the southeast part of the intersection, south of the center lane of 7th Street and about midway between the center line and the east line of the highway, it was struck on the right front side by the plaintiff's car, as a result of which Mrs. Carr suffered personal injuries and Mr. Carr injury to his property. The court found that defendant was guilty of negligence and that Mr. Carr was guilty of contributory negligence, which was imputable to his wife. It is contended on the appeal that as a matter of law Mr. Carr was not guilty of contributory negligence. The point has merit. With full appreciation of the familiar rules which require a reviewing court to take that view of the evidence and inferences which tend to support the findings of the trial court, we are obliged to conclude that the question of contributory negligence, as it is presented by the record, is one of law, and that the finding that Mr. Carr was guilty of contributory negligence is not supported by the evidence.

Holtslander testified that when he was a block away he observed that the green light was on at 7th Street for traffic on the highway; he slowed down as he approached the intersection, gave a signal for a left turn, watched for two cars traveling north to pass in front of him, observed plaintiffs' car some 60 feet behind the second car that had

passed him, slowly made his turn, believing that he had time to cross in safety and, when it was too late, accelerated his car just before the collision; he saw plaintiffs' car approaching but misjudged its speed until it was too late to avoid the accident. He did not stop before making the turn and he did not make any estimate as to the speed of plaintiffs' car before turning. He thought it would stop for him. With respect to plaintiffs' car Mr. Carr testified, by deposition, that he had been driving 45 or 50 miles an hour, that as he approached 7th Street he slowed down to about 40, that he saw cars approaching him from the north, saw defendant's car pull out to make a left turn, immediately applied his brakes and skidded his car about 18 feet before the impact. The traffic on the highway was heavy and much greater than that on 7th Street.

Plaintiffs' car as it approached the intersection constituted an immediate hazard to defendant's car as the latter made the turn. Mr. Carr therefore had the right of way under section 551, Vehicle Code.[1]

Holtslander was guilty of gross negligence and of conduct which could not reasonably have been anticipated. When he turned in front of plaintiffs' car, without even making an estimate of its speed, and drove slowly into its path, a collision became inevitable. The testimony of the witnesses and the physical facts clearly indicate that Mr. Carr made every effort to avoid the collision. He swerved to the right so as to avoid a head-on collision and he applied his brakes, skidding his car 18 feet. Lawful speed in the area was 55 miles per hour. Forty miles per hour is not an unusual speed upon a through highway. The two cars stopped where they came together. A driver in Mr. Carr's situation would have had no reason to expect that an approaching car would arrive at the intersection and, without stopping, turn directly into his path. The demands of the law are not so extreme as to require one to anticipate such suicidal conduct.

---

[1] "(a) The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.

"(b) Said driver turning left having so yielded and having given a signal when and as required by this code may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right of way to the driver making the left turn."

We have not found in the brief of the respondent any tenable theory, based upon the evidence, which would justify the finding of contributory negligence. It is said: "How many times have we who drive automobiles been compelled when desiring to make a left hand turn to sit in the middle of the intersection and wait while car after car has whizzed past us from the opposite direction, some for many hundreds of feet back, particularly in crowded traffic, with none of them yielding the right of way as required by subsection (b) quoted above!" The argument is that defendant had the right of way and that Mr. Carr had a duty to slow down or stop. The facts were just the reverse. Mr. Carr was not several hundred feet away, but almost upon the intersection. Holtslander did not stop or wait nor even make an estimate of the speed of plaintiffs' car. And we find no suggestion in the brief of any act of negligence upon the part of Mr. Carr, other than that he should have yielded the right of way to Holtslander. He did not have that duty, and there was no evidence that he failed in any respect to act promptly to avoid the accident.

In its legal aspects the present case closely resembles *Flannery* v. *Koch*, 103 Cal.App.2d 55 [228 P.2d 580]. In that case the defendant, driving lawfully, was suddenly put in danger by the failure of another driver to make a boulevard stop. The defendant applied his brakes but could not stop in time to avoid the accident. A finding of negligence upon his part was reversed. The same reasoning has application to the plaintiffs' situation, where the violation of law was such as we have described.

Other points raised by appellant need not be discussed.

The judgment is reversed.

Wood (Parker), J., and Vallée, J., concurred.