[Civ. No. 15863.   First Dist., Div. One.   June 1, 1954.]

ANTHONY RAMOS et al., Appellants, v. FRANK LINGGI, JR., et al., Respondents.

Melbert B. Adams for Appellants.

Campbell, Custer, Warburton & Britton, Alfred B. Britton, Jr., W. R. Dunn, Clark & Heafey, Schofield & Hannegan and Gerald P. Martin for Respondents.

McMURRAY, J. pro tem.*—Plaintiffs Mr. and Mrs. Ramos, husband and wife, appeal from a judgment after verdict rendered for defendants. The action was consolidated for trial with one brought by Mr. Castello, the brother, and, at the time of an automobile collision, the guest of Mrs. Ramos. The jury returned a verdict in favor of Mr. Castello against all defendants but against Mr. and Mrs. Ramos.

On January 3, 1951, Mrs. Ramos was the driver of an automobile proceeding south in the southbound lane, on Lawrence Road, which is marked by a center line, in Santa Clara County. In the car with her was her brother, Mr. Castello. She was driving at a speed of from 35 to 40 miles per hour, a lawful rate on that road. It was daylight, about 8:30 in the morning, and the surface of the road was wet from a recent rain. Defendant Mrs. Bohannon was driving an automobile north in the proper marked lane, on the same road. She stopped to pick up a passenger. When she stopped, defendant Bonsi, an employee of defendant Pureta Sausage Company, who was driving a company truck north following Mrs. Bohannon, put on his brakes and skidded 42 feet. The front end of his truck crossed the marked center line of the road and the truck hit Mrs. Ramos' car, which was still in its proper lane, and Mrs. Bohannon's car, and tipped over on its side. Just before the accident Mr. Bonsi had been driving the truck at a speed of from 35 to 40 miles per hour.

Before stopping, Mrs. Bohannon had been driving at about 15 to 20 miles per hour.

Viewing the evidence in the light most favorable to defendants, Mrs. Ramos did not remember when she first noticed Mrs. Bohannon's car nor did she notice the truck until it started to come from behind the Bohannon car. She did not remember if the truck was immediately behind the Bohannon car at this time, although she was at the front of the Bohannon car. Neither did she remember if the Bohannon car was moving or stopped at the time, nor how close she herself was to the center line. She could not recall whether or not a hand signal had been given by Mrs. Bohannon, or whether that car was on or off the highway. She did not remember how much of the truck crossed the center line nor how far the truck was from the Bohannon car when she first observed it.

There was evidence that Mrs. Bohannon signalled before

---

*Assigned by Chairman of Judicial Council.

stopping (her own statement), and also that she parked her car off the highway, leaving only one foot of to one-quarter of the car on the highway (again her own statement). Bonsi stated that the Bohannon car stopped without signal and with the left side within about a foot and a half of the center line of the highway. Bonsi did not see the Ramos car until the accident was underway.

The skid mark left by the truck was 42 feet long, the last 24 feet being of a sort that would indicate a sidewise skidding. After skidding over the white line the truck struck the Ramos car almost instantly, its front light and bumper scraping along the entire length of the Ramos car and shearing its left rear fender off so that it was dangling on the front of the truck. The Ramos car went off the highway, bumped its right rear side on a tree, and both Mrs. Ramos and Mr. Castello were injured. There is no evidence that appellant Mr. Ramos was guilty of any negligence.

Appellants on this appeal contend that with such a state of facts it was error to instruct on contributory negligence, since there could be none as a matter of law. They also urge several other grounds of appeal which it will not be necessary to consider.

Respondents contend that the matter of contributory negligence was properly submitted to the jury since it might be inferred from her testimony that Mrs. Ramos was so inattentive as to give a basis for finding contributory negligence.

Where, as here, there is no showing that the inattention of a driver proximately contributed to a collision, or that the driver did any affirmative act which could properly be said to have brought on the collision, the appellants' contention seems well founded.

In order for the jury to have found Mrs. Ramos guilty of contributory negligence, having theretofore found both Mr. Bonsi and Mrs. Bohannon to have been negligent in the Castello case, it would impose upon Mrs. Ramos the following duties: First, upon seeing the hand signal of Mrs. Bohannon, that Mrs. Ramos anticipate that Mrs. Bohannon would stop on the highway, a fact the jury must have found to have held Mrs. Bohannon negligent in the Castello case. Second, that having so anticipated Mrs. Bohannon's violation of Vehicle Code, section 582, Mrs. Ramos was then to anticipate that Mr. Bonsi in the truck following Mrs. Bohannon was too close, a violation of Vehicle Code, section 531. Third, Mrs. Ramos was then to anticipate that in attempting to

stop, Mr. Bonsi would cross the marked center line of the highway, a violation of Vehicle Code, section 530, subdivision (a). The time within which these duties were to be performed by Mrs. Ramos was minimal.

Remembering that both the Ramos car and the truck were traveling at a speed of from 35 to 40 miles an hour, the evidence most favorable to respondents shows that Mrs. Ramos could not have foreseen Mrs. Bohannon's stopping on the highway until 80 feet before the collision; she could not have foreseen that Mr. Bonsi was following the Bohannon car too closely until his truck began to skid, 42 feet before the accident, at most; she could not have foreseen that Mr. Bonsi was going to cross the marked center line until the commencement of the sidewise skid, 24 feet before the accident. The mere statement of these distances shows that there was no time for her to react to the danger. No matter how attentive Mrs. Ramos had been, she still could not have avoided being struck unless she acted upon the perhaps not unwise assumption that all other operators of vehicles upon the highways are completely reckless. This was not, however, her legal duty.

The respondents contend that the accident could have been avoided if Mrs. Ramos had swerved a few inches. The record does not show how far into the southbound lane the point of impact was. That it was there at all shows a violation by Mr. Bonsi of section 530, subdivision (a), of the Vehicle Code which provides in part: ". . . no vehicle shall be driven to the left side of the center line of a roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction. . . ." Vehicle Code, section 527, subdivision (a), has no application here as this roadway was divided into traffic lanes. The fact that here Mr. Bonsi was not attempting to pass but slid across the center line does not affect the clear import of section 530 of the Vehicle Code.

Where there is so little time as here for a driver to react to danger, there can be no contributory negligence or question thereof to be submitted to the jury, if that driver did no positive act which contributed proximately to the accident, and the driver was entitled to rely on the presumption that other drivers would not be negligent in the operation

of their vehicles. (*Flannery* v. *Koch,* 103 Cal.App.2d 55 [228 P.2d 580] ; *Bingham* v. *Greenamyer,* 25 Cal.App.2d 467 [77 P.2d 867] ; *Carr* v. *Holtslander,* 112 Cal.App.2d.589 [246 P.2d 678].)

Inasmuch as the jury has found respondents guilty of negligence in the Castello case, a determination not challenged by respondents, and since, on this appeal, we have held that Mrs. Ramos, as a matter of law, was not guilty of contributory negligence, there is no need for a new trial on the issue of liability. Under such circumstances respondents are liable as a matter of law.

The judgment appealed from is reversed, with directions to the trial court to retry the issue of damages incurred by Mr. and Mrs. Ramos, and to enter judgment in their favor in the amount so fixed. .

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied July 1, 1954, and respondents' (Wurster, Bonsi, Pureta Sausage Co., Mildred Bohannon and L. C. Bohannon) petitions for a hearing by the Supreme Court were denied July 28, 1954. Spence, J., was of the opinion that the petitions should be granted.