[Civ. No. 17402. First Dist., Div. One. Mar. 28, 1958.]

LAURA FAVA, Appellant, v. JOHN C. PFAHNL,
Respondent.

Jack H. Werchick for Appellant.

Bronson, Bronson & McKinnon, B. E. Atkisson and Daren T. Johnson for Respondent.

McMURRAY, J. pro tem.*—Plaintiff sued defendant for injuries sustained by her while riding in a car her husband was driving. The jury returned a verdict in favor of defendant and this appeal is from the judgment upon such verdict.

---

*Assigned by Chairman of Judicial Council.

Viewing the evidence, as we must, with all intendments in favor of respondent, it appears that respondent was proceeding northbound in the fast lane of a divided highway with four lanes northbound at 50 miles per hour; appellant's husband was driving the car in which she was riding in the lane immediately to the right of respondent and was travelling "behind" respondent for "quite a ways" (300-400 yards) at approximately the same speed as respondent's car, and at a distance of about one car length between appellant's car's front bumper and respondent's rear bumper. Traffic ahead of respondent slowed up; he looked back and to the right and saw no traffic, and began a lane change; the front right fender portion of his car went into appellant's lane; no part of the back of the car got into it; respondent heard squealing of brakes and saw the hood of appellant's car simultaneously and, at that moment, he swung back into his original lane; appellant's husband blew his horn, stepped on the brake, turned his car to the right and finally stopped on the shoulder at the extreme right-hand lane of the four northbound lanes, having crossed two other northbound lanes to his right before stopping. Respondent stopped; appellant was on the floor of the car when her husband stopped, having got there during this right turn. In the conversation which ensued between appellant's husband and respondent, respondent stated that it was his fault and that the appellant's car had been in the blind spot between the rear vision afforded by his mirror and the rear vision apparent to him when he looked to the right rear through the right-hand windows in his car.

 The appellant urges that the evidence is insufficient to justify the verdict. When such ground is urged for a reversal, it is a familiar rule that a reviewing court must review the evidence by resolving all conflicts in favor of the prevailing party at the trial and must indulge all legitimate and reasonable inferences to support the verdict. (*Moran* v. *Board of Medical Examiners*, 32 Cal.2d 301, 308 [196 P.2d 20]; *Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].) But if the verdict is not supported by substantial evidence the judgment must be reversed. (*Estate of Teed*, 112 Cal.App.2d 638 [247 P.2d 54].)

 Appellant contends that the negligence of respondent was established as a matter of law by his testimony that he knew there was a blind spot in his field of rear vision but, nevertheless, failed to move his body to correct that defect before commencing his lane changing movement and by the

fact that he admitted that the accident was his fault. Appellant also urges in this regard that the record is utterly devoid of any evidence of contributory negligence on the part of, or chargeable to, appellant.

Examining the evidence in the light most favorable to respondent, it would appear that the jury could have found that respondent was not chargeably negligent, his actions being reasonable under the circumstances since he testified that in addition to looking into his rear vision mirror, he did look through his right rear window before commencing his lane changing movement, that only the right front wheel and fender ever impinged upon appellant's lane of traffic, that he immediately pulled back into his lane upon seeing the car in which appellant was riding, and that he did not slacken his speed. The fact that at the scene respondent assumed blame for the accident is not conclusive upon him and at trial such admission may be explained away or contradicted. (*State Farm Mut. Auto. Ins. Co.* v. *Porter,* 186 F.2d 834.) It is for the jury to judge the effect and value of such admission. (*Tieman* v. *Red Top Cab Co.,* 117 Cal.App. 40, 45 [3 P.2d 381].)

It would appear that where there is testimony that one negligently failed to ascertain whether an overtaking vehicle was in the blank area of vision present in many cars, nevertheless, a threatened lane change which only slightly impinged on the overtaking vehicle's traffic lane and was a mere momentary swerve unaccompanied by deceleration might, in the absence of impact, be found to lack the element of proximate cause essential to imposing liability for negligence.

Appellant urges that under the facts here adduced her husband could not as a matter of law have been guilty of contributory negligence and, in this respect, states that the time element here was such that there could be no contributory negligence. In support of this contention, she cites the cases of *Ramos* v. *Linggi,* 125 Cal.App.2d 632 [270 P.2d 857], and *Flannery* v. *Koch,* 103 Cal.App.2d 55 [228 P.2d 580].)

*Ramos* v. *Linggi, supra,* was a case where a truck skidded across the center line of a two-lane highway and struck a car coming in the opposite direction. The time from the commencement of the skid and the impact was almost instantaneous and the holding therein is restricted to the facts there contained; the opinion also contains language which requires that a driver does no positive act which contributed to the accident. The defense of contributory negligence may

become a question of law rather than fact under such circumstances.

In *Flannery* v. *Koch, supra,* 103 Cal.App.2d 55, the holding was that there was no question of contributory negligence where the time available to act was a fraction of a second. *Carr* v. *Holtslander,* 112 Cal.App.2d 589 [246 P.2d 678], is a case where a defendant made a left turn directly in front of the plaintiff and the court said at page 591: "The demands of the law are not so extreme as to require one to anticipate such suicidal conduct." *Gray* v. *Brinkerhoff,* 41 Cal.2d 180 [258 P.2d 834], is also cited to the effect that one may assume that another will obey the law.

None of these cases, it seems to us, apply to the facts here. While appellant makes much of the fact that the car in which she was riding was only a car length behind and a lane to the right of respondent's car, she does not explain the somewhat drastic action of her husband in driving clear across two traffic lanes to the right upon seeing the respondent's car commence to enter the same traffic lane. She overlooks the fact that there is testimony that respondent did not slack his speed and that the distances between the two cars could therefore be assumed as having remained roughly relative to each other at all times. Under such circumstances, we believe that there was sufficient evidence to justify submitting the question of contributory negligence to the jury. The jury could well have found that appellant's husband's attempt to avoid an accident was so strenuous and unreasonable under the circumstances as to amount to contributory negligence and was a positive act which might be negligent; this negligence could be imputed to appellant.

The appellant cites several cases relating to proximate cause as affected by an intervening act of a third party which are not here in point.

Appellant complains of instructions given by the trial court.

The instructions given on contributory negligence are attacked as erroneous because there was no evidence before the court to justify instructing on this defense. What has been said above negates this contention.

However, attack is made upon a portion of a given instruction on the ground that the jury were told that, besides the imputation of contributory negligence therein contained, the jury might consider whether the appellant

herself was contributorily negligent. Admittedly, there is no evidence of any conduct on her part that could be negligent. That portion of the instruction should not have been given, but it does not appear how it was prejudicial to the appellant.

Instructions given on the subject of damages are attacked as erroneous and certain words singled out as implying some secret meaning which is not apparent when all of the instructions on the record are read. Likewise, appellant contends that an instruction given on contributory negligence assumed such negligence. The portion of the instruction complained of is more or less introductory and requires a precise concentration to construe it as prejudicial to appellant. Read in conjunction with the other proper instructions given, no error appears.

Appellant also contends that the court erred in not giving two instructions submitted by her. These instructions dealt with the jury's duty to disregard rulings on objections and evidence rejected by the court and a general instruction as to the status of statements of counsel. Either or both might well have been given, but, in view of the numerous instructions which were given as to the jury's duties and the place and function of evidence, no error was committed.

■ Appellant complains that the court erred in failing to instruct on the subject of unavoidable accident, contending that this issue was injected into the case by defendant in argument. A reading of the record before us fails to reveal any mention of unavoidable accident and, in any event, such an instruction would have been of questionable validity had it been given. (*Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652 [320 P.2d 500].)

■ Appellant also contends that the trial court erred in permitting certain allegedly improper and irrelevant cross-examination of a witness on her behalf. The cross-examination was thorough but was relevant; it dealt with a physician's direct testimony that appellant's physical complaints were the result of the accident and with items of the physician's bill for services. Appellant also states that collateral matters were permitted and that impeachment was allowed without proper prior foundation. These statements are not supported by the record.

Neither are charges by appellant that respondent's counsel was guilty of prejudicial misconduct supported by the record. Only by a supersensitive interpretation could the matters

complained of be misconduct. Attorneys in a trial should not be hypersensitive and usually are not.

Appellant groundlessly alleges that the trial court was guilty of prejudicial error in some of his comments and examinations of witnesses. The record before us is devoid of any remark of the trial judge that lends respectability to this allegation.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.